PEOPLE v PEQUES

Docket No. 78-279. Submitted March 5, 1980, at Detroit.—Decided April 25, 1980.

Wilbert Peques was convicted of delivery of heroin in Recorder's Court of Detroit, Justin C. Ravitz, J. Judge Ravitz indicated in an *in camera* discussion that defendant could expect the maximum sentence if convicted unless he offered information concerning other drug transactions. Judge Ravitz denied a motion to disqualify himself and, after conviction, sentenced defendant to 13 to 20 years imprisonment. Defendant appeals by leave granted. *Held:*

1. The record must show actual bias or prejudice before a conviction will be reversed on the ground that the trial judge should have disqualified himself. No actual bias or prejudice appears on the record.

2. Defendant is entitled to be resentenced by a different judge.

Affirmed but remanded for resentencing.

CRIMINAL LAW — JUDGES — DISQUALIFICATION OF JUDGES.

The record must show actual bias or prejudice before a conviction will be reversed on the ground that the trial judge should have disqualified himself.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judges §§ 166-179.

Disqualification of federal judge, under 28 USCS § 144, for acts and conduct occurring in courtroom during trial or in ruling upon issues or questions involved. 2 ALR Fed 917.

Disqualification of judge by state, in criminal case, for bias or prejudice. 68 ALR3d 509.

*Richard Paul Zipser,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and R. M. MAHER and CYNAR, JJ.

PER CURIAM. On November 10, 1977, defendant was convicted by a jury of delivery of heroin contrary to MCL 335.341; MSA 18.1070(41). Thereafter sentenced to 13 to 20 years imprisonment, he appeals by leave granted.

Judge Ravitz indicated in an *in camera* discussion with the attorneys that the defendant could anticipate the maximum sentence if convicted unless intelligence information was offered about other drug transactions. Defendant made a motion to disqualify Judge Ravitz and the judge denied it. The question was brought before another judge in the Recorder's Court and it was again denied. We find no error in the denial of the defense motion to disqualify. The record must show actual bias or prejudice before a conviction will be reversed on the ground that the trial judge should have disqualified himself. *People v Elmore,* 92 Mich App 678; 285 NW2d 417 (1979), *People v Lobsinger,* 64 Mich App 284; 235 NW2d 761 (1975). However, we do find that defendant is entitled to resentencing by a different judge. While there is a natural inclination to reward cooperation, there must be a reluctance to coerce it. It is a violation of Fifth Amendment rights for a judge to actively use the sentencing power to elicit information from a defendant. It is improper to punish a defendant for exercising his right to remain silent. This would include a situation where the defendant admits guilt but refuses to disclose details or criminal activities. *People v Anderson,* 391 Mich 419; 216 NW2d 780 (1974), *People v Westerfield,* 71 Mich App 618, 626; 248 NW2d 641 (1977).

As to defendant's remaining allegations of error, we find them to be without merit.

Affirmed. Remanded for resentencing before a different judge. We do not retain further jurisdiction.