PEOPLE v HUGHES

Docket No. 96436. Submitted September 14, 1987, at Lansing. Decided October 29, 1987.

David A. Hughes was convicted, on his plea of guilty, of armed robbery, Muskegon Circuit Court. The court, James M. Graves, Jr., J., considered defendant's unwillingness to testify against his codefendants in sentencing him. Defendant appealed.

The Court of Appeals *held:*

1. The court erred in considering defendant's unwillingness to testify against his codefendants.

2. While defendant must be resentenced, he need not be resentenced by a different judge. The considerations for whether a resentencing should be done by a different judge are whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, whether reassignment is advisable to preserve the appearance of justice, and whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

3. Defendant's attorney's failure to address the court on defendant's behalf prior to sentencing did not deny defendant effective assistance so as to require resentencing.

Remanded for resentencing.

CRIMINAL LAW — SENTENCING — RESENTENCING — APPEAL.

The Court of Appeals, when determining whether resentencing

REFERENCES

Am Jur 2d, Criminal Law §§ 580 *et seq.*

Am Jur 2d, Judges §§ 180 *et seq.*

Supreme Court's views as to construction and application of provisions of 28 USCS sec. 2106 authorizing Supreme Court and other federal appellate courts to remand cause and direct entry of such appropriate judgment or require such further proceedings as may be just under the circumstances. 55 L Ed 2d 872.

Disqualification of original trial judge to sit on retrial after reversal or mistrial; federal cases. 22 ALR Fed 709.

Disqualification of original trial judge to sit on retrial after reversal or mistrial. 60 ALR3d 176.

by a different judge is appropriate upon remand, considers: (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected; (2) whether reassignment is advisable to preserve the appearance of justice; and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz III,* Prosecuting Attorney, and *Linda S. Kare,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Herb Jordan*), for defendant on appeal.

Before: M. J. KELLY, P.J., and CYNAR and DOCTOROFF, JJ.

PER CURIAM. Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, following which he was sentenced to a term of from thirty to ninety years imprisonment. He appeals as of right. We affirm defendant's conviction, but remand for resentencing.

Defendant first argues that resentencing is required. We agree. The sentencing court erred by considering defendant's unwillingness to testify against his codefendants. See *People v Peques,* 104 Mich App 45; 304 NW2d 482 (1980), aff'd 412 Mich 851 (1981).

We do not agree, however, that resentencing must be before a different judge. In *People v Evans,* 156 Mich App 68, 72; 401 NW2d 312 (1986), this Court articulated a tripartite test to be applied to a determination whether a resentencing should take place before a different judge:

(1) whether the original judge would reasonably

be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

In this case, the sentencing judge followed federal constitutional law using *People v Hooks,* 101 Mich App 673; 300 NW2d 677 (1980), in considering defendant's failure to testify rather than affording defendant the greater protection of Michigan constitutional law pursuant to *Peques, supra.* The record discloses none of the concerns articulated in *Evans, supra.*

We disagree with defendant's second contention that resentencing is required on the basis that his attorney's failure to address the court on his behalf prior to sentencing denied him effective assistance of counsel pursuant to *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). The decision to address the court at sentencing is a tactical one. *People v London Williams,* 117 Mich App 262, 266; 323 NW2d 663 (1982).

Remanded for resentencing.