PEOPLE v COTTON

Docket No. 173854. Submitted January 10, 1995, at Lansing. Decided February 22, 1995, at 9:25 A.M. Leave to appeal sought.

Roderick Cotton pleaded no contest in the Oakland Circuit Court, Steven N. Andrews, J., to two counts of first-degree criminal sexual conduct involving a six-year-old victim and received sentences of probation. The defendant subsequently pleaded guilty of violating the conditions of his probation by committing further crimes, and he received concurrent sentences of imprisonment for eight to twenty years for the criminal sexual conduct convictions. The defendant appealed his sentences.

The Court of Appeals *held:*

1. The trial court did not err in assessing fifteen points under Offense Variable 7 (offender exploitation of victim vulnerability) of the Michigan Sentencing Guidelines on the basis of the victim's age. Offense Variable 7 is applicable to the full range of criminal sexual conduct offenses, including those for which the age of the victim is an element of the crime.

2. The trial court did not err in assessing twenty-five points for OV 12 (criminal sexual penetrations). A score of twenty-five is appropriate for one criminal sexual penetration in addition to the one that forms the basis of a conviction when both penetrations arise out of the same criminal transaction. The sentencing guidelines instructions do not prohibit a sentencing court from scoring a second penetration simply because that penetration also resulted in a conviction.

3. The defendant's sentences are presumptively proportional because the minimum term is within the range recommended by the sentencing guidelines, and the defendant has not presented any unusual circumstances that would overcome the presumption of proportionality.

Affirmed.

1. SENTENCES — SENTENCING GUIDELINES — CRIMINAL SEXUAL CONDUCT — OFFENDER EXPLOITATION OF VICTIM VULNERABILITY.

Offense Variable 7 (offender exploitation of victim vulnerability)

REFERENCES

Am Jur 2d, Criminal Law §§ 598, 599.

See ALR Index under Sentence and Punishment.

of the sentencing guidelines, under which points may be assessed on the basis of the victim's youth, is applicable to the full range of criminal sexual conduct offenses, including those for which the age of the victim is an element of the crime.

2. SENTENCES — SENTENCING GUIDELINES — CRIMINAL SEXUAL CONDUCT — CRIMINAL SEXUAL PENETRATIONS.

Twenty-five points may be assessed under Offense Variable 12 (criminal sexual penetrations) of the sentencing guidelines where two criminal sexual penetrations in the same criminal transaction result in two convictions of first-degree criminal sexual conduct.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *Marilyn J. Day,* Assistant Prosecuting Attorney, for the people.

*Dory A. Baron,* for the defendant on appeal.

Before: McDONALD, P.J., and TAYLOR and HOEKSTRA, JJ.

PER CURIAM. Defendant, who was placed on probation after pleading nolo contendere to two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), pleaded guilty to violating his probation by committing subsequent crimes.[1] Defendant received concurrent eight- to twenty-year sentences on the underlying criminal sexual conduct offenses. Defendant now challenges the scoring of the guidelines for the underlying offense and the proportionality of his sentences. We affirm.

We first note that the guidelines do not apply to

---

[1] Because defendant was a juvenile at the time he committed the criminal sexual conduct offenses, it appears from the record that the trial court retained jurisdiction over defendant, placed defendant on juvenile probation, and committed defendant to state wardship pursuant to MCL 6.931 and MCL 803.301 *et seq.;* MSA 25.399(51) *et seq.*

probation violations. *People v Peters,* 191 Mich App 159; 477 NW2d 479 (1991). However, because the guidelines scoring for the underlying offense is to be used as a starting point for determining whether the sentence imposed is appropriate, *id.,* we will consider defendant's arguments.

Defendant first argues that the trial court erred in scoring Criminal Sexual Conduct Offense Variable (ov) 7, reflecting offender exploitation of victim vulnerability, at fifteen points where the tender age of the victim was an element of the crime. Because ov 7 is applicable to the full range of criminal sexual conduct offenses, including those where the age of the victim is an element of the crime, the special circumstances regarding victim vulnerability of each sexual crime are considered in imposing sentence. Given the disparity in ages between defendant and his six-year-old victim, we find no error in the scoring of ov 7.

Defendant next challenges the scoring of ov 12, the number of penetrations, arguing that the trial court should not have scored ov 12 at twenty-five points. The sentencing guidelines indicate that a score of twenty-five is appropriate for one criminal sexual penetration in addition to the one that forms the basis of the "conviction offense." Defendant argues that because both of his penetrations resulted in convictions, one should not have been used to score the other. Again, we disagree.

The sentencing guidelines instructions regarding the scoring of this variable do not prohibit a trial court from scoring a second penetration that arises from the same criminal transaction simply because the second penetration results in a separate conviction. The instructions for ov 12 indicate that all penetrations that arise out of the same criminal transaction, except the one penetration forming the basis of the conviction, are to be scored.

Any other interpretation, including the one urged by defendant, could result in shorter concurrent sentences for defendants with multiple convictions arising out of the same transaction than for defendants who are convicted of only one penetration and have ov 12 increased by the other penetrations.

Defendant next contests the proportionality of his sentences. Defendant's sentences are within the minimum guidelines range of eight to fifteen years and are therefore presumptively proportionate. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987). Even if we were to accept defendant's arguments regarding the scoring of ov 12, the sentences imposed would remain within the guidelines recommendation under defendant's adjusted guidelines scoring, the new recommendation being from three to eight years. Defendant has failed to present any unusual circumstances to overcome the presumption of proportionality. Therefore, defendant's sentences are proportionate. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

Affirmed.