# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

NORVELL GLENN COOPER,

        Defendant-Appellant.

UNPUBLISHED
June 27, 2017

No.  330932
Wayne Circuit Court
LC No.  15-006342-01-FC

Before:  MARKEY, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his bench-trial conviction of armed robbery, MCL 750.529. The trial court sentenced defendant, as a second-offense habitual offender, MCL 769.10, to 81 months to 15 years' imprisonment.  We affirm.

## I. REASONABLENESS OF SENTENCE

Defendant challenges his sentence, arguing that it is unreasonable and violates the principle of proportionality.  We disagree.

We review the reasonableness of a sentence by applying the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), overruled by statute as recognized in *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011).  *People v Steanhouse*, 313 Mich App 1, 46-47; 880 NW2d 297 (2015), lv granted 499 Mich 934 (2016). Under the *Milbourn* test, "a given sentence [could] be said to constitute an abuse of discretion if that sentence violate[d] the principle of proportionality, which require[d] sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 45 (quotation marks and citation omitted).

The *Steanhouse* Court identified the following nonexclusive factors as relevant in determining a proportionate sentence:

(1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation.  [*Id*. at 46 (citations omitted).]

-1-

Although the Court in *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015), severed MCL 769.34(2) to the extent that it made the guidelines mandatory, sentencing courts shall still consult the applicable sentencing guidelines range and take it into account when imposing a sentence. "A sentence that *departs* from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id*. at 392 (emphasis added). Conversely, "[w]hen a trial court *does not depart* from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016) (emphasis added); MCL 769.34(10).[1] Indeed, sentences falling within the minimum sentencing guidelines range are presumptively proportionate. *People v Cotton*, 209 Mich App 82, 85; 530 NW2d 495 (1995). Resentencing is required only when a sentence is determined to be unreasonable. *Lockridge*, 498 Mich at 392.

Defendant's recommended sentencing guidelines range was 81 to 168 months' imprisonment. The trial court ultimately sentenced defendant to 81 months to 15 years' imprisonment. Defendant's sentence was not a departure sentence. His minimum sentence of 81 months fell within the recommended sentencing guidelines range. Additionally, defendant does not make any specific challenge to the scoring of the guidelines,[2] and defendant abandons any argument that the trial court relied on inaccurate information because he fails to provide any support for his assertion. See, generally, *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009). Because the trial court did not depart from the recommended minimum sentencing guidelines range, and defendant does not adequately challenge the scoring of the guidelines and has abandoned any argument that the trial court relied on inaccurate information, defendant is not entitled to a remand for resentencing. See *Schrauben*, 314 Mich App at 196.

## II. RESTITUTION

Defendant argues that the trial court's restitution award of $2,600 was improper because it was unsupported by the record evidence and there was no documentary evidence to support the trial court's award. We disagree.

In order to preserve the issue of a trial court's restitution order, a defendant must object at the time of sentencing. *People v Newton*, 257 Mich App 61, 68; 665 NW2d 504 (2003). Because defendant failed to object at sentencing, the issue is unpreserved for appellate review. See *id*.

Generally, we review a trial court's restitution order for an abuse of discretion, *People v Bell*, 276 Mich App 342, 345; 741 NW2d 57 (2007), and a trial court's factual findings related to

---

[1] MCL 769.34(10) remains valid after *Lockridge*. See *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016) ("*Lockridge* did not alter or diminish MCL 769.34(10) . . . .").

[2] Defendant states that "the sentencing guidelines were 81 months to 68 months" and does not make an argument for a different guidelines range or indicate that any specific sentencing variable was improperly scored.

the restitution order for clear error, *People v Garrison*, 495 Mich 362, 366-367; 852 NW2d 45 (2014). However, we review an unpreserved issue regarding a trial court's restitution order for plain error affecting a defendant's substantial rights. *People v Gaines*, 306 Mich App 289, 322; 856 NW2d 222 (2014).

In order to show plain error warranting relief, a defendant must establish "(1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected defendant's substantial rights." *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011). Generally, the "third prong requires a showing of prejudice, which occurs when the error affected the outcome of the lower court proceedings." *People v Putman*, 309 Mich App 240, 243; 870 NW2d 593 (2015). Even if a defendant satisfies all three requirements, appellate reversal is appropriate only when the plain error "resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Kowalski*, 489 Mich at 505-506 (quotation marks and citations omitted).

"Crime victims have a constitutional right to restitution." *People v Gubachy*, 272 Mich App 706, 708; 728 NW2d 891 (2006), citing Const 1963, art 1, § 24. Additionally, "crime victims have a statutory right to restitution under the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq.*" *Gubachy*, 272 Mich App at 708. The CVRA "determines whether a sentencing court's restitution order is appropriate." *Newton*, 257 Mich App at 68. The CVRA provides, in relevant part: "when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate." MCL 780.766(2). Specifically, as here, when a crime "results in the loss of a victim's property, the trial court may order the defendant to pay to the victim, as restitution, the value of the property that was lost." *Gubachy*, 272 Mich App at 708, citing MCL 780.766(3).

The amount of restitution that a trial court orders must be based on the actual loss suffered by the victim, *People v Fawaz*, 299 Mich App 55, 65; 829 NW2d 259 (2012), and supported by the evidence, *People v Cross*, 281 Mich App 737, 738; 760 NW2d 314 (2008). The prosecution bears the burden of proving the loss suffered by the victim. MCL 780.767(4). If the amount of restitution is not in dispute, the trial court is not required to make a separate factual finding on the record regarding restitution and may rely on the recommendation in the presentence investigation report. *People v Grant*, 455 Mich 221, 233-234, 243; 565 NW2d 389 (1997) (considering a former version of the CVRA and stating the information a trial court may rely on in calculating restitution).

The trial court's restitution award of $2,600 to Hassan Mansour did not constitute plain error. At sentencing, defendant did not challenge the recommended restitution award. In the absence of a dispute regarding the amount of restitution, the trial court was entitled to rely on the recommendation and factual findings contained in the presentence investigation report. See *id.* at 233-234. The presentence investigation report contains Mansour's victim-impact statement wherein Mansour states that defendant stole $1,500 in cash and that the value of the two stolen cellular telephones was $1,100. Amounts are presumed accurate unless a defendant challenges the accuracy of the factual information contained within the presentence investigation report,

-3-

which defendant failed to do. See *id*. Additionally, at least with respect to the stolen cash, Mansour testified that the amount stolen from his wallet was $1,500. Defendant has failed to demonstrate that a plain error requiring reversal occurred. See *Kowalski*, 489 Mich at 506.

We note that defendant fails to demonstrate that he was prejudiced as a result of the trial court's findings. Because no evidence suggests that the total amount contained in the presentence investigation report is inaccurate, defendant is unable to show that the alleged error affected the outcome of the lower-court proceedings. See *id*. at 506; see also *Putman*, 309 Mich App at 243. Reversal is unwarranted.

### III. ABILITY TO PAY ATTORNEY FEES

Defendant argues that the trial court erred when it ordered him to pay court-appointed attorney fees in the amount of $400 without first determining his ability to pay those fees. We disagree.

Generally, to preserve an issue for appellate review, "it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Because defendant failed to raise the issue below, the issue is unpreserved for appellate review. See *id*.

An unpreserved challenge to the trial court's imposition of fees and costs is reviewed under the plain-error doctrine. See *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015).

A court may impose the cost "of providing legal assistance to the defendant" if a defendant is found guilty following a trial. MCL 769.1k(1)(b)(*iv*). In *People v Jackson*, 483 Mich 271, 290, 292; 769 NW2d 630 (2009), the Michigan Supreme Court recognized the "minimal due process requirements that entitle a defendant to notice and an opportunity to be heard regarding the enforcement of earlier imposed costs and fees," but emphasized that there was a substantive difference between the imposition of a fee and the enforcement of that fee. Specifically, a court is not required to conduct an ability-to-pay assessment until the time that it attempts to enforce its imposition of a fee for a court-appointed attorney under MCL 769.1k. *Id*. at 291-292. "[T]rial courts should not entertain defendants' ability-to-pay-based challenges to the imposition of fees until enforcement of that imposition has begun." *Id*. at 292.

Defendant fails to demonstrate that the trial court committed plain error by imposing court-appointed attorney fees before first determining his ability to pay. Defendant correctly points out that when the trial court attempts to enforce its fee imposed, he must be advised of the enforcement and given an opportunity to contest the enforcement based on his indigent status. See *id*. This does not mean, however, that the trial court was required to determine, with specificity, defendant's ability to pay at the time of sentencing, in light of the language contained in the trial court's remittance order. The trial court signed an order of remittance to garnish defendant's prisoner account the same day that it sentenced defendant, effectively placing him on notice of the enforcement action, but the language in the remittance order mimics the language of MCL 769.1*l*. "MCL 769.1*l* inherently calculates a prisoner's general ability to pay and, in effect, creates a statutory presumption of nonindigency." *Jackson*, 483 Mich at 295. To the extent

defendant argues that he is presently obligated to pay and is indigent, he fails to provide any support for his assertion that he is indigent and, thus, fails to overcome the presumption of nonindigency; under the statute and the remittance order, his prison account is only garnished if the balance exceeds $50. See *id.* Further, defendant fails to show that he has not been granted an opportunity to contest the enforcement.

If defendant believes that his individual circumstances warrant an ability-to-pay assessment, he may petition the *trial court* to "reduce or eliminate the amount that the remittance order requires him to pay." *Id.* at 296. Only then, upon receipt of defendant's petition and any supporting documentation, may the trial court determine whether enforcement "would work a manifest hardship on the prisoner or his immediate family." *Id.* at 297.

Defendant fails to demonstrate that the trial court committed plain error, and even if he had, defendant fails to establish that he was prejudiced because under MCL 769.1*l* he is presumed to be non-indigent. Appellate relief is unwarranted.

Affirmed.


/s/ Jane E. Markey
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro