# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 22, 2018

Plaintiff-Appellee,

v

No. 336549
Gladwin Circuit Court
LC No. 16-008410-FC

ERIN KATHLEEN DENNIS,

Defendant-Appellant.

Before: STEPHENS, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant pled guilty to delivery or manufacture of 50 to 499 grams of a controlled substance, under MCL 333.7401(2)(a)(iii). She was sentenced to a prison term of 7 to 20 years.[1] Defendant appeals claiming that this sentence was unreasonable and that the trial court failed to articulate reasons to show that the departure was proportional. For the reasons set forth below, we vacate defendant's sentence for delivery or manufacture of a controlled substance and remand for resentencing.

At her plea hearing, defendant admitted that on November 18, 2015, she drove her accomplices to a pharmacy where they broke into the building and stole controlled substances, including morphine. Defendant was acting as the lookout when her accomplices stole between 50 and 449 grams of the controlled substances with the intent to sell it. She also admitted that prior to breaking in, she and her accomplices convened and planned the robbery. Defendant admitted that this was one of several pharmacies that she and her accomplices had burglarized.

Defendant's sentencing guidelines range was 30 to 50 months; however, at sentencing the prosecutor stated that if the drug crime had been committed after April 1, 2016, then the guidelines range would have been 57 to 95 months because a new law changed the substances stolen from Schedule 3 to Schedule 2 drugs. When imposing sentence on defendant, the trial court stated:

> The Court has reviewed through the presentence investigation report. Sentencing guidelines are 30 to 50 months, and if this crime had been committed

---

[1] Defendant was also convicted of two counts of breaking and entering with intent, MCL 750.110, for which she was sentenced to terms of 3 to 10 years. Defendant does not appeal these sentences.

after April 1st, the guideline range would have been 57 to 95 months, and even though this is your first criminal conviction, it's a very serious crime.

In order to punish you for what you have done, to attempt to rehabilitate you, to deter others from committing similar acts, and protection of the community, it'll be the sentence of this Court that on the controlled substance, delivery or manufacture of . . . more than 50 grams, but less than 499 grams, that you be sentenced to the Michigan Department of Corrections for a period of seven years to 20 years, with credit served for four days served.

On appeal, defendant argues that she is entitled to resentencing because the 7-year minimum term, a substantial variance from the advisory range, was disproportionate, and that the trial court did not articulate the reasons for the departure to justify the proportionality between the sentence and the sentencing offense. We agree.[2]

This case is controlled by *People v Steanhouse* (*On Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 318329), where we articulated the standards governing departure sentences after the guidelines were made advisory in *People v Lockridge*, 498 Mich 358, 364, 392; 870 NW2d 502 (2015). *Steanhouse* held:

> Under the principle of proportionality standard, a sentence must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636. As such, the sentencing court must impose a sentence that takes "into account the nature of the offense and the background of the offender." *Id*. at 651. Generally, sentences falling within the minimum sentencing guidelines range are presumptively proportionate. *People v Cotton*, 209 Mich App 82, 85; 530 NW2d 495 (1995). However, a departure sentence may be imposed when the trial court determines that "the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *Milbourn*, 435 Mich at 657. Factors that may be considered under the principle of proportionality standard include, but are not limited to:

>> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v. Lawhorn*, ___ Mich App ___, ___; ___ NW2d ___(2017) (Docket No. 330878); slip op at 7 (citation and quotation marks omitted).]

---

[2] Appellate courts are to review sentences under a standard of reasonableness. *People v Lockridge*, 498 Mich 358, 364, 392; 870 NW2d 502 (2015). A sentence is said to be reasonable if it complies with the principle of proportionality set forth in *People v Milbourn*. *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015).

An appellate court must evaluate whether reasons exist to depart from the sentencing guidelines and whether the *extent* of the departure can satisfy the principle of proportionality. See *Milbourn*, 435 Mich at 659-660 (recognizing that "[e]ven where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality"). Therefore, even in cases where reasons exist to justify a departure sentence, the trial court's articulation of the reasons for imposing a departure sentence must explain how the extent of the departure is proportionate to the seriousness of the circumstances surrounding the offense and the offender. See *People v. Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008) ("When departing, the trial court must explain why the sentence imposed is more proportionate than a sentence within the guidelines recommendation would have been."). [*Steanhouse (On Remand)*, ___ Mich App at ___; slip op at 2-3.]

In this case, the trial judge did not articulate grounds adequate for us to conclude that this substantial departure was proportionate to the offender and the offense. The court noted only that the crimes were "very serious" and that "if this crime had been committed after April 1st [2016], the guideline range would have been 57 to 95 months. . . ." The referred-to increase on April 1, 2016, is due to the reclassification of certain drugs from Schedule 3 to Schedule 2 that took effect on that date, and is not relevant to crimes that occurred before that date. Thus, it was not grounds to depart in this case.

In addition, the trial court did not consider some of the nonexhaustive factors that are relevant in determining whether a sentence is proportionate. See *People v Lawhorn*, 320 Mich App 194, 207; ___ NW2d ___ (2017). This was defendant's first conviction and appears to be the first time she was ever charged with a crime. In addition, she expressed remorse and was cooperating in the prosecution of her collaborators. These are important considerations to individualized sentencing.

Accordingly, we conclude that the trial court abused its discretion by failing to provide adequate reasons for the substantial guideline departure and that the sentences imposed violated the principle of proportionality. *Steanhouse (On Remand)*, ___ Mich App at ___; slip op at 5.

We vacate the sentence imposed for defendant's controlled substance offense, MCL 333.7401(2)(a)(iii), and remand for resentencing as to that conviction. We deny defendant's request that the resentencing be before a different judge. Defendant has not shown that the sentencing judge would have substantial difficulty in putting aside his previously expressed

views and we see no reason why the sentencing judge would be unable to conduct a resentencing consistent with our direction. *People v. Hughes*, 165 Mich App 548, 549-550; 418 NW2d 913(1987).

Remanded for resentencing. We retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause

# Court of Appeals, State of Michigan

## ORDER

People of MI v Erin Kathleen Dennis

Docket No.     336549

LC No.          16-008410-FC

Cynthia Diane Stephens
Presiding Judge

Douglas B. Shapiro

Amy Ronayne Krause
Judges

Pursuant to the opinion issued concurrently with this order, the Court orders that the July 20, 2016 judgment of sentence be VACATED, and this matter be REMANDED to the Gladwin Circuit Court for the purpose of resentencing defendant. This Court retains jurisdiction in the cause.

Upon the expiration of the 56-day period in which to file an application for leave to appeal in the Supreme Court, MCR 7.305(C)(2), the trial court shall commence resentencing proceedings, and those proceedings shall be given priority on remand until they are concluded. The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court a copy of the judgment of sentence entered on remand. The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

Either party may file a supplemental brief pertaining to the issues raised on remand within 21 days after entry of the trial court's order deciding the matter or 21 days after the transcript of the hearing is filed, whichever is later. The responsive party may file a supplemental brief in reply. Alternatively, the parties may file a stipulation to dismiss this appeal.

/s/ Cynthia Diane Stephens

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

March 22, 2018
Date

Chief Clerk