*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KIJUAN MILLER,

        Defendant-Appellant.

UNPUBLISHED
February 12, 2019

No. 334807
Wayne Circuit Court
LC No. 16-000458-01-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTHONY DULANEY,

        Defendant-Appellant.

No. 334813
Wayne Circuit Court
LC No. 16-000458-02-FC

Before: LETICA, P.J., and CAVANAGH and METER, JJ.

LETICA, J. (*concurring*).

I concur as to defendant Miller in Docket No. 334807. I concur in the result in Docket No. 334813, noting that although Dulaney failed to object to the circuit court's failure to articulate reasons for the consecutive sentence imposed, "[n]o exception need be taken to a finding or decision." MCR 2.517(A)(7). I further agree that Dulaney's challenge to his armed-robbery sentence is moot.

I write separately because, while I agree that resentencing is not required, I reject Dulaney's argument that the trial court improperly considered his failure to cooperate as a basis for fashioning the sentences imposed. Dulaney primarily relies on *People v Peques*, 104 Mich App 45; 304 NW2d 482 (1980), vacated sub nom *Michigan v Peques*, 452 US 934; 101 S Ct

3073; 69 L Ed 2d 949 (1981), aff'd on state grounds *People v Peques*, 410 Mich 894 (1981). That decision is not binding, MCR 7.215(J)(1), and is distinguishable.

In *Peques*, 104 Mich App at 46, this Court explained that the sentencing court threatened defendant with the maximum sentence if he failed to supply information about other drug activities, writing:

> Judge Ravitz indicated in an *in camera* discussion with the attorneys that the defendant could anticipate the maximum sentence if convicted unless intelligence information was offered about other drug transactions. . . . [W]e do find that defendant is entitled to resentencing by a different judge. While there is a natural inclination to reward cooperation, there must be a reluctance to coerce it. It is a violation of Fifth Amendment rights for a judge to actively use the sentencing power to elicit information from a defendant. It is improper to punish a defendant for exercising his right to remain silent. This would include a situation where the defendant admits guilt, but refuses to disclose details or criminal activities. *People v Anderson*, 391 Mich 419; 216 NW2d 780 (1974); *People v Westerfield*, 71 Mich App 618, 626; 248 NW2d 641 (1977).

Although this rule from *Peques* remains valid[1] and the United States Supreme Court has expressed "doubt that a principled distinction may be drawn between 'enhancing' the punishment imposed upon the petitioner and denying him the 'leniency' he claims would be appropriate if he had cooperated[,]" *Roberts v United States*, 445 US 552, 557 n 4; 100 S Ct 1358; 63 L Ed 2d 622 (1980), at least two federal appellate courts have accepted this distinction. *United States v Arrington*, 73 F3d 144, 149-150 (CA 7, 1996) (discussing distinction between penalizing a defendant for not cooperating and allowing a defendant the opportunity to obtain a more lenient sentence by cooperating with the government); *United States v Torres*, 114 F 3d 520, 527 (CA 5, 1997). The Second Circuit recognized that "even though th[is] distinction is somewhat illusory, it is the only rule that recognizes the reality of the criminal justice system while protecting the integrity of that system." *Mallette v Scully*, 752 F2d 26, 30 (CA 2, 1984).

Although Dulaney argues that the trial court based its sentencing decision on his refusal to name his accomplices, the issue arose in the context of Dulaney's request for leniency at sentencing. The court explained to Dulaney why the facts of the case did not justify leniency. It was in this context that the court agreed to consider Dulaney's request for leniency *if* Dulaney opted to cooperate with authorities and identify his accomplices. The trial court was not punishing Dulaney refusing to cooperate with authorities, but instead was willing to consider Dulaney's request for leniency in exchange for his cooperation. The court did not attempt to coerce Dulaney into cooperating,[2] but merely expressed what it believed was necessary for the

---

[1] Several former Supreme Court Justices indicated that they did "not wish to be understood as approving" of *Peques*. *People v Jackson*, 451 Mich 864 (1996) (concurring in denial of leave, BOYLE, J., joined by RILEY, J., and WEAVER, J.)

[2] Although Dulaney initially balked, telling the court he did not know who accompanied him, he quickly expressed interest before he ultimately opted not to do so.

court to entertain *Dulaney's request* for leniency. Considered in this context, the record does not support Dulaney's argument that the trial court improperly penalized him for refusing to cooperate or provide information to the government. Moreover, the fact that the trial court later agreed to resentence Dulaney because of its misunderstanding of the appropriate guidelines range, and then imposed substantially reduced sentences for Dulaney's armed robbery convictions, further buttresses the conclusion that the court did not intend to punish Dulaney for his refusal to cooperate or identify his accomplices.

/s/ Anica Letica

---

At the hearing on the motion for a new trial, Dulaney again refused to name the individuals who participated in the crimes. But after conferring with his attorney, he agreed to provide their "street" names because he denied knowing their legal names as he had known them for only a few months. Dulaney then identified his accomplices as Jay, James, and Mike, indicating that two of them were incarcerated.

Dulaney admitted that he previously lied when he told the court at sentencing that he did not know the other participants. He explained that he did not come forward with this information sooner because he thought he would "beat" this case and "the system." He also stated that he had been unwilling to tell the sentencing judge about his cohorts because he thought the judge was lying when he said he would give Dulaney a lesser sentence if he identified them.

-3-