*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
November 16, 2023

v

ANTHONY JAMES DULANEY,

Defendant-Appellant.

No. 362525
Wayne Circuit Court
LC No. 16-000458-02-FC

Before: BOONSTRA, P.J., and GADOLA and MALDONADO, JJ.

PER CURIAM.

A jury convicted defendant of one count of first-degree home invasion, MCL 750.11a(2), five counts of armed robbery, and one count of larceny in a building, MCL 750.360. The trial court initially sentenced defendant to concurrent prison terms of 25 to 40 years for each armed-robbery conviction and two to four years for the larceny conviction, to be served consecutive to a prison term of 5 to 20 years for the home-invasion conviction. *People v Miller*, unpublished per curiam opinion of the Court of Appeals, issued February 12, 2019 (Docket Nos. 334807 and 334813), p 2. In post-trial proceedings, the trial court resentenced defendant to concurrent prison terms of 15 to 40 years for each armed robbery conviction, while defendant's other sentences (including the consecutive sentencing) remained the same. *Id*. at 16. Defendant appealed by right, and this Court remanded "for further explanation of defendant['s] . . . consecutive sentence." *Id*. After remand, the trial court resentenced defendant to prison terms of 5 to 20 years for the first-degree home invasion conviction, two to four years for the larceny in a building conviction, and 210 months to 60 years for each armed robbery conviction, with all sentences to be served concurrently. Defendant now appeals by right from his resentencing after remand. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The facts underlying this case were explained in this Court's opinion following defendant's prior appeal:

Defendant [and co-defendant, Kijuan Miller,] were convicted of breaking into a home late at night and robbing five occupants of the home at gunpoint. According to witnesses, defendants were two of four intruders who participated in

the offense. The other two intruders were never identified. The principal issue at trial was identification.

* * *

The jury found both defendants guilty of first-degree home invasion, five counts of armed robbery, and larceny in a building. The trial court sentenced defendant Miller to concurrent prison terms of 20 to 40 years for each robbery conviction and two to four years for the larceny conviction, to be served consecutive to a prison term of 5 to 20 years for the home-invasion conviction. The trial court originally sentenced defendant Dulaney to concurrent prison terms of 25 to 40 years for each armed-robbery conviction and two to four years for the larceny conviction, to be served consecutive to a term of 5 to 20 years for the home-invasion conviction. The trial court, however, subsequently resentenced defendant Dulaney to reduced prison terms of 15 to 40 years for each robbery conviction. [*Miller*, unpub op at 2.]

In his initial appeal, defendant challenged his sentences, claiming, relevant to this appeal, that "the trial court improperly imposed a consecutive sentence for his home-invasion conviction without justifying that sentence on the record." *Id*. at 15.[1] This Court agreed with defendant, holding that "remand is necessary for the trial court to articulate its reasoning for imposing the consecutive sentence," and it remanded to the trial court "for further explanation of defendant Dulaney's consecutive sentence." *Id*.

On remand, Judge Donald Knapp, the successor trial judge to Judge James Callahan, who had since retired, held two postconviction hearings to address issues related to resentencing. During the hearings, Judge Knapp stated that this Court had affirmed defendant's sentences and had remanded for the purpose of providing reasons for the consecutive sentencing. Judge Knapp expressed concern regarding his ability to address this Court's remand order because Judge Callahan had been the initial sentencing judge. In response to Judge Knapp's concerns, defense counsel stated, "I would just ask for resentencing, your Honor." He continued, "Because Judge Callahan is no longer available, we would ask if the Court would consider resentencing in lieu of

---

[1] Defendant also claimed that he was improperly sentenced because the trial court: (1) departed from the sentencing guidelines range, and (2) attempted to coerce defendant into cooperating with authorities, necessitating remand for resentencing to another judge. *Miller*, unpub op at 12-15. This Court found that the first issue was rendered moot by the trial judge already having resentenced defendant to a within-guidelines sentence. *Id*. at 14. Consequently, this Court found, because defendant's sentences were now within the appropriate guidelines range, they were "presumptively proportionate and must be affirmed" in accordance with MCL 769.34(10). See *People v Babcock*, 469 Mich 247, 261; 666 NW2d 231 (2003). Our Supreme Court has recently struck down the requirement that an appellate court automatically affirm within-guidelines sentences, although such sentences are still presumptively proportionate. See *People v Posey*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 162373). Regarding the second part of the issue, this Court determined, under the factors in *People v Peques*, 104 Mich App 45; 304 NW2d 482 (1980), vacated by *Michigan v Peques*, 452 US 934; 101 S Ct 3073; 69 L Ed 2d 949 (1981), defendant was not entitled to resentencing before a different judge. *Miller*, unpub op at 14-15.

an explanation for Judge Callahan's sentence." The prosecution made no objection, and the trial court agreed and scheduled defendant for resentencing.

At the beginning of the resentencing hearing, the trial court referred to defendant's original sentences and stated that this Court "affirmed the convictions" but "had an issue with the consecutive sentencing because my predecessor, Judge James Callahan, did not adequately set forth the reasons for consecutive sentencing." During the hearing, the parties voiced no objections to the presentence investigation report or the scoring of defendant's sentencing guidelines variables. Defendant requested that the trial court impose concurrent sentences and argued that sentencing at the lower end of the sentencing guidelines was appropriate. The prosecution agreed that concurrent sentences would be appropriate. The trial court sentenced defendant as described. This appeal followed.

While defendant's appeal was pending, defendant moved the trial court for resentencing, claiming that it had improperly exceeded the scope of this Court's remand order and violated his due-process rights by resentencing him to a harsher sentence for his armed robbery convictions without explanation. At the hearing, defendant argued that the trial court had erred by increasing his armed robbery sentences, because the scope of this Court's remand was limited to "articulation of the reasons for the imposition of the consecutive sentence." The prosecution argued that defendant had waived any argument that the trial court had imposed an invalid sentence by requesting resentencing at the post-remand hearings. The trial court denied defendant's motion, finding that defendant was not unfairly prejudiced by the resentencing because the sentences were within the sentencing guidelines and concurrent sentences were imposed, effectively reducing the overall length of defendant's sentences.

Defendant subsequently filed a motion with this Court to remand for an evidentiary hearing on the issue of whether he was denied the effective assistance of counsel. This Court denied defendant's motion to remand without prejudice "for failure to persuade the Court of the necessity of a remand at this time."[2]

## II. SCOPE OF REMAND

Defendant argues the trial court exceeded the scope of this Court's remand when it resentenced defendant. In the circumstances of this case, we disagree. Whether a trial court followed an appellate court's ruling on remand is a question of law that we review de novo. *People v Lampe*, 327 Mich App 103, 111; 933 NW2d 314 (2019).

> Following a remand from this Court, [t]he power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court. When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order. [*Lampe*, 327 Mich App at 111-112.]

---

[2] *People v Dulaney*, unpublished order of the Court of Appeals, entered April 6, 2023 (Docket No. 362525).

A full resentencing is generally appropriate if we order resentencing without any specific instructions or prohibitions. See *id*. at 112 (citations omitted). When we remand for a full resentencing, the trial court is allowed "to consider every aspect of defendant's sentences de novo." *Id*. (citation omitted).

In this case, we remanded to the trial court, stating, in relevant part:

> Here, Judge Callahan failed to justify the consecutive sentence with particularized reasons on the record either at the initial sentencing or the resentencing. Thus, remand is necessary for the trial court to articulate its reasoning for imposing the consecutive sentence.
>
> * * *
>
> In Docket No. 334813 we remand for further explanation of defendant Dulaney's consecutive sentence. [*Miller*, unpub op at 16 (emphasis added, citation omitted).]

It is not uncommon for appellate courts to remand cases to the trial court for further articulation of the rationale behind sentences that require additional appellate scrutiny, such as consecutive sentencing or out-of-guidelines sentences. Generally, those remand orders expressly allow the trial court to either provide further articulation or to resentence the defendant. See, e.g., *People v Oliver*, 483 Mich 879; 759 NW2d 214 (2009) ("On remand, the trial court shall articulate on the record why this level of departure is warranted or resentence the defendant either within the appropriate sentencing guidelines range or articulate on the record why a different level of departure is warranted."); *People v Parchman*, unpublished opinion per curiam of the Court of Appeals, issued March 24, 2020 (Docket No. 341726), unpub op at 4 ("Remand is therefore necessary for the trial court to articulate the reasons underlying its decision to impose consecutive sentences or to resentence defendant."). In this case, although this Court did not explicitly state that the trial court could opt to resentence defendant, we do not believe that granting defendant's request for resentencing was inconsistent with this Court's instruction on remand. In these unique circumstances, in which the trial judge who had originally sentenced defendant was no longer available and the matter was assigned to a successor trial judge, we deem it implicit in our prior remand order that the newly-assigned trial judge could, particularly with the parties' agreement, proceed to resentencing in lieu of an articulation of the reasons underlying the predecessor judge's imposition of consecutive sentences.[3]

Furthermore, errors raised on appeal must be that of the trial court rather than an error "to which the aggrieved appellant has contributed by planned or neglectful omission of action on his part." *Smith v Musgrove*, 372 Mich 329, 337; 125 NW2d 869 (1964); see also *People v Witherspoon* (*After Remand*), 257 Mich App 329, 333; 670 NW2d 434 (2003) (stating that, generally, "an appellant may not benefit from an alleged error that the appellant contributed to by plan or negligence"). In other words, a party may not request that the trial court take a particular

---

[3] We also disagree with defendant that this Court, in its prior opinion, affirmed the sentences imposed by the predecessor judge such that the successor judge could not deviate from them apart from the consecutive/concurrent sentencing issue.

-4-

action and then assert that it was error for the trial court to take the agreed-upon action. See *Hodge v Parks*, 303 Mich App 552, 556; 844 NW2d 189 (2014) (stating that a party cannot stipulate to a matter before the trial court and then argue on appeal that the resulting action was erroneous); see also *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011). In this case, as discussed, it was defendant who requested that the trial court resentence defendant rather than attempt to determine Judge Callahan's rationale for imposing consecutive sentences. Nothing in the record indicates that the resentencing hearing was limited to the issue of whether to impose consecutive or concurrent sentences for armed robbery; in fact, the trial court gave the parties the opportunity to challenge the material contained in the presentence investigation report as well as defendant's sentencing guidelines range. Moreover, at the resentencing hearing, defendant's counsel not only requested concurrent sentencing, but also recognized that the trial court was not bound to the sentences previously imposed, arguing instead that "sentencing at the lower [end] of the guidelines is appropriate" and pointing out potential mitigating factors such as defendant's recent improvement in his conduct while incarcerated. In short, the parties and the trial court, at defendant's invitation, proceeded at the resentencing hearing with the understanding that the case would proceed in a presentence posture. *Lampe*, 327 Mich App at 112. Defendant undoubtedly would not have complained if the trial court had *lowered* his armed robbery sentences; we decline to allow defendant to harbor a purported scope-of-remand error as an appellate parachute. See *People v Buie*, 491 Mich 294, 312; 817 NW2d 33 (2012).[4]

For these reasons, we conclude that defendant has not demonstrated, in the unique circumstances of this case, that the trial court exceeded the scope of this Court's remand order. Further, even if the trial court had exceeded the scope of remand, the error would have been one to which defendant contributed by plan or negligence, and we decline to grant defendant appellate relief on that ground.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant alternatively argues that he was denied the effective assistance of counsel, because his trial counsel improperly waived the issue of whether the trial court exceeded the scope of this Court's remand. We disagree.

"The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). The trial court's findings are clearly erroneous if this Court is definitely and firmly convinced that the trial court made a mistake. *People v Shaw*, 315 Mich App 668, 671-672; 892 NW2d 15 (2016) (citation omitted). In the absence of an evidentiary hearing, this Court's review of ineffective assistance claims is generally limited to mistakes apparent from the existing record. *People v Muhammad*, 326 Mich App 40, 63; 931 NW2d 20 (2018).

---

[4] According to defendant's proposed reading of this Court's remand order, it could be argued that the trial court exceeded the scope of remand by even imposing concurrent sentences on remand, rather than strictly limiting itself to articulation of the reasoning underlying the previous consecutive sentencing. We decline to interpret our own language in such a narrow manner.

The right to counsel guaranteed by the United States and Michigan Constitutions, US Const Am VI; Const 1963, art 1, § 20, is the right to the effective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. [*Shaw*, 315 Mich App at 672 (citations omitted).]

Defense counsel is presumed to be effective. *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007). Therefore, defendant is required to "overcome a strong presumption that counsel's performance constituted sound trial strategy." *People v Riley*, 468 Mich 135, 140; 659 NW2d 611 (2003). This Court does not second-guess counsel on matters of strategy or assess counsel's competence with the benefit of hindsight. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).

As discussed, we conclude, in the circumstances of this case, that the trial court did not exceed the scope of this Court's remand order. Defense counsel's failure to assert that the trial court lacked the authority to impose different sentences for any of the underlying offenses was therefore not objectively unreasonable. *Shaw*, 315 Mich App at 672. Further, defense counsel could have believed, as a matter of sound trial strategy, that requesting a full resentencing hearing, rather than a hearing that was strictly limited to the issue of consecutive sentences, could inure to defendant's benefit. Judge Callahan had sentenced defendant to a sentence near the top end of defendant's guidelines range. Defense counsel requested sentences at the lower end of the guidelines range and could have, as a matter of trial strategy, believed that there was a reasonable chance that, even apart from the consecutive sentencing issue, the trial court would impose lower sentences if the trial court resentenced defendant de novo, rather than feeling constrained by Judge Callahan's sentences. We will not second-guess this strategy merely because it did not work. *Russell*, 297 Mich App at 716.

Further, defense counsel's actions ultimately resulted in a reduction of the minimum time defendant is required to spend in prison. It is purely speculative to assume that, had defense counsel insisted that the trial court only decide the issue of consecutive sentencing, the trial court would have imposed concurrent sentences for armed robbery with the original prison terms. In fact, as we have noted, making an argument for strict limitation of the scope of remand may well have convinced the trial court that it could not resentence defendant *at all*, but could only articulate reasons supporting the consecutive sentences. It was not objectively unreasonable for defense counsel to avoid that risk. *Shaw*, 315 Mich App at 672. Moreover, defendant cannot demonstrate that he was prejudiced by his counsel's conduct. *Id*.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Allie Greenleaf Maldonado