PEOPLE v PARKER

Docket No. 247790. Submitted January 25, 2005, at Lansing. Decided
    July 7, 2005, at 9:10 a.m.

   Charles W. Parker III pleaded guilty in November 2001 in the Macomb
       Circuit Court of receiving and concealing stolen property and of
       operating a motor vehicle while under the influence of intoxicating
       liquor, and was placed on probation. He pleaded guilty in August 2002
       to violating that probation. The court, Mary A. Chrzanowski, J., then
       sentenced the defendant to imprisonment for two to five years on
       each of the original charges. The defendant moved for resentencing,
       arguing in part that his sentence did not comply with the legislative
       sentencing guidelines, MCL 777.1 et seq. The court denied resentenc-
       ing. The defendant appealed by delayed leave granted.

       The Court of Appeals held:

       The defendant preserved the issue of the application of the
   legislative sentencing guidelines by moving for resentencing. Pur-
   suant to People v Hendrick, 261 Mich App 673 (2004), aff'd in part
   and rev'd in part 472 Mich 555 (2005), the legislative sentencing
   guidelines apply to sentences imposed for an enumerated felony
   committed on or after January 1, 1999, regardless of whether the
   sentence is imposed after a probation violation. The defendant
   committed the offense for which he was originally convicted after
   that date, and was sentenced for the probation violation after that
   date, so the legislative sentencing guidelines apply. Hendrick
   applies retroactively because the language in MCL 769.34(2) and
   771.4 contains no conflict or ambiguity requiring statutory con-
   struction and is very clear that the legislative sentencing guide-
   lines apply to sentencing for enumerated felonies following a
   probation violation. Thus, the language of the statutes clearly
   foreshadowed the ruling in Hendrick, and the trial court erred by
   failing to apply those guidelines when sentencing the defendant.
   While the defendant has served his minimum sentence and has
   been paroled, the appeal is not moot because his parole imposes
   some continuing limitations on his freedom to which he might not
   be subject if he had received an intermediate sanction under the
   guidelines, as the defendant contends he should have.

       Reversed and remanded for resentencing.

SENTENCES — SENTENCING GUIDELINES — PROBATION VIOLATIONS — RETROACTIVE
    APPLICATION.

The holding in *People v Hendrick*, 261 Mich App 673 (2004), aff'd in
    part and rev'd in part 472 Mich 555 (2005), that the legislative
    sentencing guidelines apply to sentences imposed after probation
    violations, applies retroactively because the decision was clearly
    foreshadowed by the clear and unambiguous language of those
    sentencing guidelines.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, *Eric J. Smith*, Prosecuting Attorney,
and *Robert Berlin*, Chief Appellate Lawyer, for the
people.

*Lee A. Somerville* for the defendant.

Before: TALBOT, P.J., WHITBECK, C.J., and JANSEN, J.

PER CURIAM. Defendant Charles William Parker III
appeals by delayed leave granted his sentence follow-
ing his plea of guilty of a probation violation. Parker
was originally convicted of receiving and concealing
stolen property with a value equal to or greater than
$1,000, but less than $20,000,[1] and operating a motor
vehicle while under the influence of intoxicating liquor
(OUIL).[2] Following the violation, the trial court sen-
tenced Parker to two to five years' imprisonment on
each of his original convictions. We reverse and remand
for resentencing. We decide this case without oral
argument pursuant to MCR 7.214(E).

I. BASIC FACTS AND PROCEDURAL HISTORY

In November 2001, Parker pleaded guilty to one
count each of receiving and concealing property with a
value equaling or greater than $1,000, but less than

---

[1] MCL 750.535(3)(a).

[2] MCL 257.625(1)(a).

$20,000, and OUIL. The trial court sentenced Parker to two years' probation on the stolen property charge, with the nine months to be served in jail and credit for one hundred days. On the OUIL charge, the trial court sentenced Parker to ninety days in jail, and his driver's license was suspended for one year. The trial court did not sentence Parker to probation on the OUIL charge.

On August 15, 2002, a bench warrant was issued for Parker. The bench warrant petition indicated that Parker had "involved himself in a new violation of law," breaking and entering a vehicle and causing damage.[3] On August 22, 2002, the trial court accepted Parker's guilty plea.[4] On September 25, 2002, the trial court sentenced Parker to two to five years' imprisonment, with credit for 199 days, for each of the charges to which he pleaded guilty in 2001. Parker did not, at that time, raise the issue of the applicability of the legislative sentencing guidelines.

In December 2002, Parker moved for resentencing, pursuant to MCR 6.429(B)(3), and for entry of a corrected presentence investigation report (PSIR). Parker argued that resentencing was necessary because his sentence did not comply with the legislative sentencing guidelines.[5] Also, Parker sought entry of a corrected PSIR to reflect the correct recommendation on the OUIL charge and Parker's proper jail credit. Following a hearing, the trial court denied resentencing, but granted correction of the PSIR, except for the jail credit. We granted Parker's delayed application for leave to appeal.

---

[3] MCL 750.356a(3).

[4] The charge or charges to which Parker pleaded guilty are unclear from the disposition document, but we assume from the circumstances of the case that Parker pleaded guilty of violating his probation.

[5] MCL 777.1 et seq.

## II. APPLICATION OF THE LEGISLATIVE SENTENCING GUIDELINES

### A. OVERVIEW

#### 1. THE JUDICIAL SENTENCING GUIDELINES

As noted in *People v Hendrick*,[6] sentencing guidelines did not exist in Michigan before 1983. Trial courts therefore sentenced convicted offenders to a period within the statutory minimums and maximums for any given offense. In 1983, the Michigan Supreme Court developed a set of judicial sentencing guidelines. Importantly, these judicial sentencing guidelines were not applicable to a wide variety of offenses, including sentences imposed after probation violations.[7] Had the judicial sentencing guidelines been in place when the trial court sentenced Parker for violating his probation, those sentencing guidelines would not have been applicable to that sentence, and Parker would have been unable to assert that the sentence the trial court imposed violated those judicial sentencing guidelines.

#### 2. THE LEGISLATIVE SENTENCING GUIDELINES

Again as noted in *Hendrick*, in 1998 the Legislature enacted legislative sentencing guidelines that apply to certain enumerated felonies committed on or after January 1, 1999.[8] The question presented in *Hendrick* was whether the legislative sentencing guidelines apply to sentences imposed after a probation violation.[9] The

---

[6] *People v Hendrick,* 261 Mich App 673, 676-677; 683 NW2d 218 (2004), aff'd in part and rev'd in part 472 Mich 555 (2005).

[7] *Id.* at 677, citing *People v Cotton,* 209 Mich App 82, 83-84; 530 NW 2d 495 (1995).

[8] *Hendrick, supra* at 677, citing MCL 777.1 *et seq.* and MCL 769.34(2).

[9] *Hendrick, supra* at 675.

trial court had held that they did not.[10] The *Hendrick* panel reversed, holding that the statutory legislative guidelines apply to sentences imposed after a probation violation,[11] stating:

> Because defendant committed the felonies for which he was sentenced after January 1, 1999, and the felonies were specifically identified as felonies subject to the legislative sentencing guidelines, the guidelines apply to sentencing following his probation violation. The language of MCL 769.34(2) is very clear and no exception to this legislative directive is found anywhere else in the legislative sentencing guidelines or the Code of Criminal Procedure. Thus, the legislative sentencing guidelines apply to all enumerated felonies committed on or after January 1, 1999, regardless of whether the sentence is imposed after a probation violation.[12]

The Michigan Supreme Court affirmed this holding, specifically agreeing that "the language of MCL 769.34(2) is clear and lists no exceptions."[13]

### 3. ISSUE PRESENTED

There is no question that Parker committed the offenses for which he was originally convicted *after* January 1, 1999, and that the trial court sentenced him for his later probation violation *after* January 1, 1999. Therefore, the legislative sentencing guidelines clearly applied. However, the trial court sentenced Parker in late 2002, well *before* May of 2004 when this Court decided in *Hendrick* that the legislative sentencing guidelines applied to sentences imposed after a proba-

[10] *Id.* at 676.

[11] *Id.* at 675.

[12] *Id.* at 679-680.

[13] *People v Hendrick,* 472 Mich 555, 560; 697 NW2d 511 (2005).

tion violation if the underlying crimes were committed after January 1, 1999. We must therefore decide whether this Court's decision in *Hendrick* applies retroactively.

### B. PRESERVATION OF THE ISSUE

As noted, Parker did not object at sentencing to the trial court's failure to apply the legislative sentencing guidelines, but he did raise the issue in a proper motion for resentencing. A recent decision by this Court establishes that raising a challenge to the application of the sentencing guidelines for the first time in a motion for resentencing is adequate to preserve the issue for appellate review. In *People v Mack*,[14] the defendant was convicted on one count of third-degree criminal sexual conduct (CSC III) and one count of assault with intent to commit criminal sexual conduct involving penetration (AWICSC).[15] Following the convictions, the probation department prepared a PSIR that calculated a guidelines range for the CSC III count; however, the department failed to prepare a PSIR for the AWICSC count.[16] When the trial court sentenced the defendant to fifteen to thirty years' imprisonment for the AWICSC count, he failed to object at sentencing on the ground that the sentence was outside the appropriate guidelines range for his AWICSC conviction.[17] Nevertheless, the defendant filed a timely motion for resentencing on the ground that the trial court erred by sentencing him outside the appropriate guidelines range for his AWICSC conviction.[18]

---

[14] *People v Mack*, 265 Mich App 122; 695 NW2d 342 (2005).

[15] *Id.* at 123.

[16] *Id.* at 124.

[17] *Id.* at 124-126.

[18] *Id.*

For guidance regarding whether this issue was preserved, the *Mack* panel reviewed the Michigan Supreme Court's opinion in *People v Kimble*.[19] In *Kimble*, the Court held that "pursuant to [MCL 769.34(10)], a sentence that is outside the appropriate guidelines sentence range, *for whatever reason*, is appealable regardless of whether the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand."[20] The *Mack* panel concluded that, because the defendant *had* raised the issue in a motion for resentencing, it should be considered preserved, despite the defendant's failure to raise the issue at sentencing.[21]

Like the defendant in *Mack*, Parker contends that the legislative sentencing guidelines applied at his sentencing and that his sentence constituted an improper departure from those guidelines. Additionally, like the defendant in *Mack*, Parker made a proper motion for resentencing on this ground. These similarities indicate that Parker, by virtue of his proper motion for resentencing, preserved for appeal the issue of the trial court's failure to apply the guidelines.[22]

---

[19] *People v Kimble*, 470 Mich 305; 684 NW2d 669 (2004).

[20] *Id.* at 310 (emphasis supplied).

[21] *Mack, supra* at 126.

[22] There is the view that Parker was required to raise this issue *at sentencing* for this Court to consider it. However, this position appears irreconcilable not only with this Court's position in *Mack*, but also with the Michigan Supreme Court's holding in *Kimble*, which states that a defendant may appeal a sentence outside the guidelines range even if it was not preserved. See *Kimble, supra* at 310. We take this portion of *Kimble* to mean that this Court *must* review a sentence that falls outside the legislative sentencing guidelines; the only question is whether it should be reviewed under the standard for preserved or unpreserved error. See *People v Carines*, 460 Mich 750, 761-64, 774; 597 NW2d 130 (1999) (unpreserved issues are reviewed for plain error that affects a defendant's substantial rights).

## C. THE RETROACTIVITY OF *HENDRICK*

There is, however, a factor that clearly distinguishes *Mack* from this case. The legislative sentencing guidelines in *Mack*, as a matter of law, were applicable to the defendant's conviction *at the time he was sentenced.* Here, this Court's decision in *Hendrick* requiring sentencing courts to apply the legislative sentencing guidelines to probation violations was over a year away when the trial court sentenced Parker. We must therefore to evaluate the degree to which this Court's holding in *Hendrick* was foreseeable *at the time the trial court sentenced Parker for his probation violation.* This question presents an issue of law subject to review de novo.[23]

Generally, this Court's decisions are fully retroactive.[24] However, there are circumstances in which the decisions should only be applied prospectively. With respect to criminal matters, both the United States Supreme Court and the Michigan Supreme Court consider three factors to determine whether a law should be applied retroactively or prospectively: "(1) the purpose of the new rule, (2) the general reliance on the old rule, and (3) the effect on the administration of justice."[25] Before applying these factors, however, the decision in question must satisfy a threshold criterion: namely, that "the decision clearly establish[es] a new

---

[23] See *People v Sexton*, 458 Mich 43, 52; 580 NW2d 404 (1998).

[24] *Adams v Dep't of Transportation*, 253 Mich App 431, 435; 655 NW2d 625 (2002).

[25] *Lincoln v Gen Motors Corp*, 231 Mich App 262, 309; 586 NW2d 241 (1998) (WHITBECK, P.J., concurring), citing *Tehan v United States ex rel Shott*, 382 US 406; 86 S Ct 459; 15 L Ed 2d 453 (1966), *Linkletter v Walker*, 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965), *People v Hampton*, 384 Mich 669, 674-679; 187 NW2d 404 (1971), *Sexton, supra* at 57 n 29, and *People v Markham*, 397 Mich 530, 534-535; 245 NW2d 41 (1976).

principle of law[.]"[26] More specifically, as the Michigan Supreme Court stated in *Lindsey v Harper Hosp*, "[p]rospective application of a holding is appropriate when the holding overrules settled precedent or decides an ' "issue of first impression whose resolution was not clearly foreshadowed." ' "[27]

While it was settled precedent that the *judicial* sentencing guidelines were not applicable to sentences imposed after probation violations,[28] the guidelines at issue here are the *statutory* sentencing guidelines. Thus, the "settled precedent" exception does not apply. This Court must therefore determine whether the *Hendrick* panel "decide[d] an ' "issue of first impression whose resolution was not clearly foreshadowed." ' "[29]

*Hendrick* was the first published decision of this Court to conclude that the legislative sentencing guidelines applied to sentences for probation·violations, thus making it an issue of first impression. However, not all issues of first impression are limited to prospective application, only those "whose resolution was not clearly foreshadowed."[30] Our reading of *Hendrick* indicates that the pertinent rule that emerged was clearly foreshadowed by the legislative sentencing guidelines themselves. The *Hendrick* panel found that the guidelines contain "no conflict or ambiguity requiring statutory construction" because the language of MCL 769.34(2) is *"very clear"* that the legislative guidelines

---

[26] *Lincoln, supra* at 310 (WHITBECK, P.J., concurring).

[27] *Lindsey v Harper Hosp*, 455 Mich 56, 68; 564 NW2d 861 (1997), quoting *People v Phillips*, 416 Mich 63, 68; 330 NW2d 366 (1982), quoting *Chevron Oil Co v Huson*, 404 US 97, 106; 92 S Ct 349; 30 L Ed 2d 296 (1971).

[28] *Cotton, supra* at 83-84.

[29] *Lindsey, supra* at 68 (citations omitted).

[30] *Id.* (citations and internal quotation marks omitted).

must apply to sentencing for the enumerated felonies following a probation violation.[31] Similarly, the Michigan Supreme Court agreed that "the language of MCL 769.34(2) is clear and lists no exceptions."[32]

Considering the ease with which this Court reached its ruling in *Hendrick*, the absolute clarity of that ruling, and the consensus of this Court and the Michigan Supreme Court that the language of MCL 769.34(2) clearly compelled the result, we conclude that the language in MCL 769.34(2) and MCL 771.4 clearly foreshadowed the ruling in *Hendrick*.[33] Therefore, the trial court here should have been able to foresee this Court's decision to mandate the use of the legislative sentencing guidelines in determining sentences following probation violations. For that reason, under *Adams* and *Lindsey*, *Hendrick* applies retroactively.

### D. APPLYING *HENDRICK*

Our conclusion that *Hendrick* applies retroactively compels the corollary conclusion that the trial court erred in failing to apply the legislative sentencing guidelines. As a result of its failure to apply the guidelines, the trial court gave Parker a sentence that departed from the guidelines without fulfilling its statutory obligation to state a substantial and compelling reason for that departure.[34] Even if our review of the record revealed that, in our judgment, a substantial and compelling reason for departure existed, we cannot

---

[31] *Hendrick, supra,* 261 Mich App at 679 (emphasis supplied).

[32] *Hendrick, supra,* 472 Mich at 560.

[33] *Hendrick, supra,* 261 Mich App at 679-681.

[34] See 769.34(3); *People v Babcock,* 469 Mich 247, 258; 666 NW2d 231 (2003).

affirm Parker's sentence on that basis.[35] Instead, we "must remand the case to the trial court for resentencing or rearticulation."[36]

We note that Parker has served his minimum sentence and was paroled on March 9, 2004. However, we conclude that this appeal is not moot because Parker is scheduled to remain on parole until March 15, 2006, which imposes some continuing limitations on his freedom. Had Parker received an intermediate sanction, as he contends he should have, he might not be subject to any limitations at all. Because we are remanding for resentencing, we need not address Parker's claim that double jeopardy was violated by not sentencing him under the legislative guidelines.[37]

Reversed and remanded for resentencing under the legislative sentencing guidelines. We do not retain jurisdiction.

---

[35] *Id.*

[36] *Id.* at 259.

[37] See *People v Riley*, 465 Mich 442, 447; 636 NW2d 514 (2001); *People v Rutledge*, 250 Mich App 1, 11; 645 NW2d 333 (2002).