*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAWANTA DERIN COVINGTON,

Defendant-Appellant.

UNPUBLISHED
September 19, 2019

No. 345401
Wayne Circuit Court
LC No. 13-007478-01-FC

Before: O'BRIEN, P.J., and BECKERING and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying conviction reduction and resentencing on remand from this Court. We vacate the trial court's order and remand for further proceedings.

This Court previously summarized this case's underlying facts as follows:

> This case arises out of the armed robbery of a jewelry store in Hamtramck on August 1, 2013. That day, defendant and two co-conspirators attempted to rob the store at gunpoint, resulting in a gunfight with the store's security guard. One of defendant's co-conspirators was shot and killed by the security guard during the struggle. Police arriving at the store after the gunfight found a pillow case and hammer in defendant's possession, and a gun in the possession of defendant's remaining co-conspirator. [*People v Covington*, unpublished per curiam opinion of the Court of Appeal, issued July 18, 2017 (Docket No. 335036), p 1 (*Covington II*).]

On January 9, 2014, a jury convicted defendant of armed robbery, MCL 750.529, conspiracy to commit armed robbery, MCL 750.529; 750.157a, possession of burglar's tools, MCL 750.116, and possession of a firearm during the commission of a felony (felony-firearm),

MCL 750.227b.[1] On January 24, 2014, Judge Vera Massey Jones sentenced defendant to 15 to 40 years' imprisonment for armed robbery, 15 to 40 years' imprisonment for conspiracy to commit armed robbery, 2 to 10 years' imprisonment for possession of burglar's tools, and two years' imprisonment for felony-firearm. When scoring defendant's Offense Variable (OV) 3, Judge Massey Jones found that defendant's criminal actions resulted in his coconspirator's death, so she assessed defendant 100 points for that OV.

After defendant was sentenced, our Supreme Court decided *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), which held that Michigan's sentencing guidelines violated the Sixth Amendment to the extent that they required judicial fact-finding beyond facts admitted by the defendant or found by a jury to score offense variables that mandatorily increased the floor of the guidelines minimum sentence range. *Id*. at 373-374. To remedy this violation, our Supreme Court made the guidelines advisory only. *Id*. at 364, 391. It then explained that "in cases in which a defendant's minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment, the case should be remanded to the trial court to determine whether that court would have imposed a materially different sentence but for the constitutional error." *Id*. at 397. Our Supreme Court explained "the proper procedures for trial courts to follow on [these] so-called *Crosby*[2] remands," *id*. at 397-399, which we will discuss later in this opinion.

When defendant appealed his convictions and sentences to this Court, he argued in part that the trial court violated *Lockridge* when it scored OV 3. This Court affirmed defendant's convictions, but agreed that the trial court engaged in judicial fact-finding when it assessed 100 points for OV 3, and therefore remanded to the trial court for possible resentencing in accordance with the *Crosby* remand procedure. *People v Covington*, unpublished per curiam opinion of the Court of Appeals, issued April 12, 2016 (Docket No. 325610), pp 4-5 (*Covington I*).

On remand, the case was assigned to Judge Shannon Walker, who had succeeded Judge Massey Jones. Judge Walker entered an order denying resentencing without a hearing. The order stated, in part:

> IT IS HEREBY ORDERED the defendant's motion for conviction reduction and resentence pursuant to Lockridge/Crosby is denied. This Court would not have imposed a materially different sentence had it known that it had greater discretion to depart from the guidelines. The sentence is reasonable and this Court would not resentence to a different term.

Defendant again appealed to this Court, arguing that the trial court did not follow the *Crosby* remand procedure because it did not solicit the views of counsel. This Court agreed, noting that "[o]ur Supreme Court in *Lockridge* outlined the procedures that the trial court must follow when a *Crosby* remand is ordered[,]" which includes seeking the "views of counsel in

---

[1] The jury found defendant not guilty of assault with intent to murder, MCL 750.83.

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

some form." *Covington II*, unpub op at 2. This Court remanded the case to the trial court with the following instructions:

> Defendant should be permitted an opportunity to inform the trial court if resentencing will not be sought. The trial court then is required to solicit the views of counsel in some form. The trial court need not hold a hearing, and defendant's presence is not required, when the trial court decides whether to resentence defendant. The trial court then should either indicate on the record its decision not to resentence defendant, together with an appropriate explanation, or vacate the original sentence and resentence defendant with defendant present. [*Id.* at 2-3 (footnote omitted).]

On the second remand, defendant filed a memorandum in support of resentencing, and the prosecution filed a response. On December 1, 2017, Judge Walker held a *Crosby* hearing, which defendant was not present for. During the hearing, Judge Walker stated that she had considered the sentencing memorandums and that, in her opinion, Judge Massey Jones' sentence was reasonable. On the same day, Judge Walker entered an order stating, "[t]his Court would not have imposed a materially different sentence had it known that it had greater discretion to depart from the guidelines. The sentence is reasonable and this Court would not resentence to a different term."

In *Lockridge*, our Supreme Court provided the following instructions for a trial court conducting a *Crosby* remand:

> [O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by law, if it decides to resentence the defendant. [*Lockridge*, 498 Mich at 398 (citation omitted).]

There is no dispute that, after this Court's second remand, Judge Walker complied with the *Crosby* remand procedure as set forth in *Lockridge*. There is also no dispute that Judge Walker complied with the *Covington II* panel's instructions. Defendant argues, however, that he is nonetheless entitled to a new *Crosby* hearing because a new judge was assigned to his case after the original sentencing, so he should have been—but was not—afforded the opportunity to appear before, and be heard by, the new judge before that judge decided whether to resentence him. Based on this Court's decision in *People v Howard*, 323 Mich App 239; 916 NW2d 654 (2018), we agree.

In *Howard*, 323 Mich App at 244, the defendant's case was remanded to the trial court to determine whether it would have imposed a materially different sentence under the sentencing procedure described in *Lockridge*. On remand, the original sentencing judge was not available to conduct the *Crosby* remand, so the case was assigned to a different judge. *Id*. Relevant to this appeal, the defendant did not appear before, nor was he heard by, the new judge. *Id*. On appeal,

-3-

the *Howard* defendant argued, in part, that he was entitled to a new *Crosby* hearing because "he should at least be entitled to appear before the [new] judge and have an opportunity to be heard before the court determines whether it would resentence him under the now-advisory sentencing guidelines." *Id*. at 247. This Court agreed, holding:

> When a newly assigned judge handles a *Crosby* remand without ever encountering the defendant, both the personal nature of sentencing, and perceptions of the fairness, integrity, and public reputation of the judicial proceeding are called into question. We conclude that when the original sentencing judge is unavailable, in addition to following the other *Crosby* remand requirements, the assigned judge must allow the defendant an opportunity to appear before the court and be heard before the judge can decide whether he or she would resentence the defendant. [*Id*. at 252-253 (citation and footnotes omitted).]

As already stated, Judge Walker conducted the *Crosby* remand in accordance with the "proper procedures" for *Crosby* remands laid out in *Lockridge*, 498 Mich at 397-399. But based on *Howard*, the procedure was still deficient because Judge Walker was not the original sentencing judge, and defendant did not appear before, or have an opportunity to be heard by, Judge Walker before she denied resentencing.[3] We therefore vacate the trial court's order denying conviction reduction and resentencing and remand for further proceedings.

The prosecution argues that *Howard* is distinguishable because defendant was represented by counsel and the trial court sought the views of counsel before denying resentencing. While it is true that, in *Howard,* 323 Mich App at 247, this Court held that the trial court's failure to appoint counsel and seek the views of counsel during the *Crosby* remand were sufficient grounds to vacate the trial court's order denying resentencing and remand for additional proceedings, the *Howard* Court *also* held that a defendant's right to appear before, and be heard by, a successor judge before that judge determines whether to resentence the defendant was sufficient, standing alone, to warrant remand, *id*. at 253. The *Howard* Court explained that "when the original sentencing judge is unavailable, *in addition* to following the other *Crosby* remand requirements, the assigned judge must allow the defendant an opportunity to appear before the court and be heard before the judge can decide whether he or she would resentence the defendant." *Id*. (emphasis added). Thus, despite that counsel represented defendant and the trial court sought the views of counsel before denying resentencing in accordance with the proper procedures for *Crosby* remands, defendant must be allowed the opportunity to appear before, and be heard by, the successor judge.[4] Because that opportunity was not given to defendant, we must vacate the trial court's order and remand for further proceedings. See *id*.

---

[3] Although *Howard* was decided after Judge Walker conducted the *Crosby* remand, this Court's decisions are generally given full retroactive effect. *People v Parker*, 267 Mich App 319, 326; 704 NW2d 734 (2005).

[4] The prosecution also argues that defendant cannot establish plain error affecting substantial rights because he cannot show that the outcome would have been different had he appeared

We vacate the trial court's order and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Jane M. Beckering
/s/ Anica Letica

---

before, and been heard by, Judge Walker. The prosecution is correct that our review is for plain error affecting substantial rights, but plain error affecting substantial rights can be established if the error seriously affected the fairness, integrity or public reputation of judicial proceedings. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). As explained by this Court in *Howard*, 323 Mich App at 252-253, "When a newly assigned judge handles a *Crosby* remand without ever encountering the defendant, . . . perceptions of the fairness, integrity, and public reputation of the judicial proceeding are called into question."