*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WILLIAM JOHN KUCHARSKI,

Defendant-Appellant.

UNPUBLISHED
December 29, 2020

No. 346708
St. Clair Circuit Court
LC No. 18-000635-FH

Before: SWARTZLE, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of breaking and entering with the intent to commit a larceny, MCL 750.110, and larceny in a building, MCL 750.360. Defendant also appeals the trial court's decision to sentence him, as a second-offense habitual offender, MCL 769.10, to a term of 18 months to 15 years in prison for the breaking and entering conviction and 18 months to 6 years in prison for the larceny conviction. We affirm defendant's convictions but vacate his sentences and remand for resentencing.

## I. BACKGROUND

This case arises from a break-in at a bar in the early morning hours of December 3, 2017, during which approximately $1,900 in cash was stolen. When the owner arrived several hours later, she saw that the back door had been pried open and one of her safes was missing. Although the entire incident was caught on surveillance video, the perpetrator's face was never visible on the video. The owner, who had been friends with defendant since childhood and had employed him recently for about six months, testified that she immediately identified defendant as the person on the video. She recognized him based in part on his general size and build, his familiarity with the complex procedure for opening the cash register, and several signature movements that he displayed when coming upstairs and when opening, closing, and removing cash from the register. Two other friends of defendant also recognized him on the video. One friend additionally testified that she had been texting with defendant directly before and after the break-in, but that he became unreachable around the time it occurred and that she could not find him when she physically went to check on him. This friend further testified that defendant had told her that he planned to rob the

-1-

bar, and later told her that he had done so, even though she thought he had been joking in both instances.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"The decision whether the admit evidence falls within a trial court's discretion and will be reversed only when there is an abuse of that discretion." *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015) (cleaned up). We also review for an abuse of discretion the trial court's general conduct of a criminal trial. We review unpreserved issues, however, for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). To obtain relief under the plain-error rule, a defendant must establish a clear or obvious error that affected his substantial rights. *Id.* at 763. Even when a defendant establishes that a plain error occurred that affected his substantial rights, reversal is warranted "only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 763-764 (cleaned up).

### B. OTHER-ACTS EVIDENCE

Defendant first argues that irrelevant and prejudicial evidence, combined with the trial court's order that a bailiff sit near defendant after defendant reacted to some unfavorable testimony, amounted to evidence of prior bad acts that was improperly used to prove defendant's character. This argument is unpersuasive.

Generally, evidence of other bad acts is not admissible to prove a defendant's character. MRE 404(b)(1). Evidence of other acts is admissible, however, if it is "offered for a proper purpose," it is relevant, the "probative value of the evidence is not substantially outweighed by unfair prejudice," and the trial court, if asked, provides an appropriate limiting instruction. *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993). "[T]he rule is not exclusionary, but is inclusionary, because it provides a nonexhaustive list of reasons to properly admit evidence that may nonetheless also give rise to an inference about the defendant's character." *People v Mardlin*, 487 Mich 609, 616; 790 NW2d 607 (2010).

Here, nothing of which defendant complains could possibly "prove the character of a person in order to show action in conformity therewith." MRE 404(b)(1). None of it implicates defendant's propensity for breaking and entering, larceny, or any other illegal act. The testimony that defendant was taking prescription pain medication because he had injured his neck in an accident proved nothing whatever about defendant's character; taking prescribed pain pills for an injury is something that persons of good character do every day, and for good reason. The testimony that his dwelling contained dog feces might have reflected poorly on defendant's character for cleanliness, but it suggested no propensity to trespass or steal. And asking the bailiff to sit near defendant in response to defendant's improper reaction to adverse testimony might have suggested something about defendant's ability to keep composed, but nothing relating to any propensity to commit the charged offenses. Without testimony of a particular crime, wrong, or act from which to draw an inference that defendant acted the same way in this case, MRE 404 is not

implicated. See *Mardlin*, 487 Mich at 616 n 10 ("MRE 404(b) is not even implicated if the prosecution seeks to introduce logically relevant evidence of other acts performed by the defendant if the evidence does not generate an intermediate inference as to his character."). The testimony here complained of, as well as the trial court's action in directing the bailiff to sit behind defendant, all lack any information about any crime, wrong, or act of defendant from which the jury could infer that defendant committed the charged crimes in this case. Defendant's argument that this testimony and action by the judge tainted his conviction by way of improper character evidence fails for this reason alone.

We further note that there was nothing improper about the testimony or the judge's request of the bailiff. The testimony that defendant was taking prescription pain pills was offered to counter the apparent defense theory that defendant was in no physical shape to climb over a six-foot fence or remove a heavy safe from a building. "Admission of rebuttal evidence is within the sound discretion of the trial judge and will not be disturbed absent a clear abuse of discretion." *People v Figgures*, 451 Mich 390, 398; 547 NW2d 673 (1996). The trial court's decision to allow the prosecutor to elicit a short description of the premises that the police witness searched was not an abuse of discretion. Finally, we cannot conclude that the trial court's action in directing the bailiff to sit behind defendant after he reacted unfavorably to a witness's testimony was improper. "It is well established that the trial court has a duty to control trial proceedings in the courtroom and has wide discretion and power in fulfilling that duty." *People v Willis*, 322 Mich App 579, 590; 914 NW2d 384 (2018). Relief is not warranted unless the judge denies a defendant his due process right to a fair trial by piercing the veil of judicial impartiality. *Id*. The record in this case suggests no such impropriety.

## C. SENTENCING ISSUES

Defendant next argues that he is entitled to resentencing because he was sentenced under the wrong recommended range for his minimum sentence under the sentencing guidelines and, alternatively, because the prosecutor failed to file a proof of service of the notice that defendant would be subject to sentencing as a second-offense habitual offender.

## 1. MOOTNESS

Before we address defendant's substantive sentencing issues, we first briefly address whether the issue is moot because defendant has already served his 18-month minimum sentence. "Whether an issue is moot is a question of law that this Court reviews de novo." *In re Tchakarova*, 328 Mich App 172, 178; 936 Mich 863 (2019). Because defendant has already served his minimum sentence of 18 months and has been released from incarceration, it may initially appear impossible for us to grant meaningful relief to him because nothing this Court could do would shorten that period of incarceration. Defendant was, however, released on parole, with a supervision discharge date of March 10, 2022. This Court has held that being on parole is a collateral legal consequence that saves a case from mootness even when a defendant has already served his minimum sentence. *People v Parker*, 267 Mich App 319, 329; 704 NW2d 734 (2005). In *Parker*, we held that the defendant's sentence was not moot because he was "scheduled to remain on parole . . . which imposes some continuing limitations on his freedom." *Id*.

In this case, as in *Parker*, defendant has already served his minimum sentence, but remains on parole through March 10, 2022. Had a lower guidelines range persuaded the trial court to impose a lesser sentence, defendant might well have avoided the burdens of parole lasting until that date. We hold that defendant's challenges to his sentence are not moot because he continues to be subject to collateral legal consequences.

## 2. SCORING OF GUIDELINES VARIABLES

Defendant argues that his 18-month minimum sentence was invalid because the trial court scored Offense Variables (OVs) 4 and 19 at 10 points each, when both should have been scored at zero points. Defendant argues that these additional 20 OV points resulted in a minimum-sentence range of 10 to 28 months, when the range should have been 0 to 21 months under the sentencing guidelines.

We conclude that defendant has waived appellate review of this scoring issue. At sentencing, both the prosecutor and defense counsel stated that the PSIR was factually accurate and that the scoring of the guidelines was correct. "Waiver has been defined as the intentional relinquishment or abandonment of a known right. It differs from forfeiture, which has been explained as the failure to make the timely assertion of a right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (cleaned up). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id.* (cleaned up). Because defendant waived appellate review of this issue, we will not review it as a stand-alone claim, though, as explained below, we will consider the issue as part of defendant's claim of ineffective assistance of counsel.

## 3. HABITUAL-OFFENDER NOTICE

Defendant next argues that he is entitled to be resentenced without the habitual-offender enhancement because the prosecutor failed to provide the notice required by statute. This argument is unpersuasive.

Because this issue involves "the interpretation and application of statutory provisions and court rules," we review the question of law de novo. *People v Head*, 323 Mich App 526, 542; 917 NW2d 752 (2018). Defendant did not preserve this issue for appellate review, and we review it only for plain error. *Carines*, 460 Mich at 763-764.

Under MCL 769.13(1), a prosecutor seeking a habitual-offender enhancement must file "a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense." MCL 769.13(2) requires that "[t]he notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1)." See also MCR 6.112(F).

These notice requirements exist " 'to provide the accused with notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense.' " *Head*, 323 Mich App at 543, quoting *People v Morales*, 240 Mich App 571, 582; 618 Mich 10 (2000). But failure to file the proof that the notice was given "may be harmless if the

defendant received the notice of the prosecutor's intent to seek an enhanced sentence and the defendant was not prejudiced in his ability to respond to the habitual offender notification." *Id*. at 544.

Plaintiff admits that the proof of service was never filed in this case. As in *Head*, however, the error was harmless because defendant received actual notice of the prosecutor's intent to seek an enhanced sentence and thus was not prejudiced in his ability to respond to the notification. The prosecutor filed the felony information on March 22, 2018, over five months before trial. It contained a notice of defendant's habitual-offender status that complied with the requirements of both MCL 769.13 and MCR 6.112(F), including an explanation of the potential effect the habitual-offender status carried. Defendant does not allege that the prosecutor failed to give him a copy of the felony information before he entered a plea, as required under MCR 6.113(B). In fact, both defendant and his attorney signed the waiver of arraignment on April 9, 2018, stating that they had received a copy of the information and any supplemental information, and that they had read it and understood the substance of the charges. Because defendant received actual notice of his habitual offender status and its potential effect, the prosecutor's plain error in failing to file a proof of service was harmless. Although defendant additionally argues that *Head* was wrongly decided, we are bound by the clear precedent provided by *Head*. MCR 7.215(J)(1).

## D. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant argues that he received ineffective assistance of counsel in the trial court. Defendant cites his trial counsel's failure to object to the testimony about defendant's use of pain medication and to the trial court's order that the bailiff sit behind defendant in response to an outburst on defendant's part, and also trial counsel's failure to challenge the scoring of OVs 4 and 19 at sentencing. Defendant's arguments have merit only with regard to his trial counsel's failure to challenge the scoring of the OVs at sentencing.

Defendant failed to preserve his claims of ineffective assistance by moving for a new trial or an evidentiary hearing in the trial court. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). He did submit a motion for remand in this Court, but failed to persuade this Court that further factual development or initial review by the trial court was necessary. When no evidentiary hearing to develop a claim of ineffective assistance of counsel has taken place, this Court's review is limited to what is apparent from the existing record. *People v Snider*, 239 Mich App 393, 423; 608 NW2d 502 (2000).

To prevail on an ineffective-assistance claim, "a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that counsel's representation prejudiced him so as to deprive him of a fair trial." *People v Garza*, 246 Mich App 251, 255; 631 NW2d 764 (2001). During the trial, defense counsel had no legitimate basis for an objection to the testimony about pain medication because he was advancing the theory that defendant would have been physically unable to perform the actions needed to break into the bar and steal the safe as a result of his neck injury. And the trial court had the duty and the right to control the courtroom proceedings by repositioning the bailiff, as discussed above. Any objection to either action would have been without merit. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Alternatively, counsel might strategically have suppressed objections to

mention of defendant's pain medication out of hopes that the jurors would consider as common knowledge that such medication is apt to reduce physical stamina even while it relieves pain, and to the trial court's direction to the bailiff because he did not want to draw further attention to his client's inappropriate behavior. This Court does not substitute its judgment for that of a trial counsel in strategic matters, nor does it assess an attorney's competence with hindsight. *People v Blevins*, 314 Mich App 339, 351; 886 NW2d 456 (2016). Accordingly, these facets of defendant's claim of ineffective assistance of counsel must fail.

With regard to the trial court's scoring of the variables, the prosecutor properly noted at oral argument in this Court that the record contains no explanation regarding the trial court's rationale for scoring OVs 4 and 19. If defendant's trial counsel had challenged the scoring of those variables at sentencing, the prosecutor could have offered argument regarding the proper scoring, and the trial court could have articulated its rationale for the OV points that it assessed. A trial court should assess 10 points for OV 4 when "[s]erious psychological injury requiring professional treatment occurred to a victim," MCL 777.34(1)(a), and should assess 10 points for OV 19 when the offender "interfered with or attempted to interfere with the administration of justice" by other than force or threat of force against a person or property, MCL 777.49(c). Because there was no objection, there is nothing in the record to support the assessment of 10 points for either of these variables. We conclude that defendant's trial counsel was ineffective for failing to object to the scoring of these variables, and counsel's failure to object prejudiced defendant. We therefore vacate defendant's sentences and remand to the trial court for resentencing. When resentencing defendant, the trial court may consider anew whether there is a factual basis to assess points for OVs 4 or 19.

We affirm defendant's convictions but vacate his sentences and remand for resentencing. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher