*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT JOSEPH HAMILTON,

Defendant-Appellant.

UNPUBLISHED
November 19, 2024
11:06 AM

No. 369012
Livingston Circuit Court
LC No. 2023-027706-FH

Before: MALDONADO, P.J., and M. J. KELLY and GARRETT, JJ.

PER CURIAM.

Defendant, Robert Hamilton, pleaded guilty to two counts of first-degree retail fraud, MCL 750.356c. The trial court sentenced him as a fourth-offense habitual offender, MCL 769.12, to concurrent sentences of 18 months' to 15 years' imprisonment. Hamilton's sentences are concurrent with each other and with two other sentences of incarceration that he was already serving. The terms of Hamilton's plea agreement with the prosecution were that his sentences would be concurrent with the sentences he was already serving, but he contends that the trial court additionally promised him that he would not serve any additional time. Hamilton moved for specific performance of his plea agreement or resentencing on the basis of accurate information about his plea agreement, which the trial court denied. Hamilton appeals now by leave granted.[1] Because the record does not support Hamilton's contention that he entered his plea in reliance on any promise that he would not serve additional time, we affirm.

## I. BASIC FACTS

Hamilton has an extensive criminal history, much of it involving retail fraud. As relevant to this case, Hamilton committed two acts of retail fraud in February 2022, while he was on probation for another act of retail fraud. By the time Hamilton was arrested for the crimes at issue, he had been resentenced to a term of imprisonment in one case for which he had originally received

---

[1] *People v Hamilton*, unpublished order of the Court of Appeals, entered December 28, 2023 (Docket No. 369012).

probation, and by the time of his plea hearing, he had also been sentenced to a term of imprisonment in another retail fraud case.

Hamilton entered a guilty plea after reaching a plea agreement with the prosecution which required him to plead guilty in exchange for his sentence to be concurrent, not consecutive to the sentences that he was already serving. At one point during the plea hearing, the court stated, "I want you to understand that your sentence agreement, you are not going to get any more prison time, or time in jail." The court, however, then clarified that it knew nothing about the case, had not promised Hamilton anything, and that if it chose not to follow the sentence agreement, Hamilton's could withdraw his plea. Hamilton affirmed that the court had not promised it anything. Thereafter, the court imposed a sentence that required Hamilton to be incarcerated after his earliest release date for the sentences that he was serving on his other cases. No one present at the hearing suggested that the imposed sentence violated the plea agreement.

Hamilton later moved for specific performance of the plea agreement or for resentencing on the basis of inaccurate information about his plea agreement, relying on the trial court's statement at the plea hearing suggesting that he would not serve additional time for his convictions in this case. The trial court denied the motion.

## II. SENTENCING

### A. STANDARD OF REVIEW

"The trial court's discretionary decisions—including its exercise of sentencing discretion—are reviewed for an abuse of discretion," which occurs if the trial court "selects an outcome that falls outside the range of reasonable and principled outcomes." *People v Odom*, 327 Mich App 297, 303; 933 NW2d 719 (2019). The trial court's underlying factual findings are reviewed for clear error; any questions of law are reviewed de novo. *People v Skinner*, 502 Mich 89, 137 n 27; 917 NW2d 292 (2018).

### B. ANALYSIS

A plea must be understanding and voluntary. *People v Guyton*, 511 Mich 291, 298-299; 999 NW2d 393 (2023). "[D]epending on the circumstances, a plea may not be understanding and voluntary when a defendant is misinformed of the benefits of the plea." *Id*. at 300-301. "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *People v Temelkoski*, 501 Mich 960, 961 (2018) (brackets, quotation marks, and citation omitted). The proper analysis does not focus on "what an astute lawyer would take as the meaning of the words used," but rather on how the defendant would reasonably interpret statements by the judge or prosecutor. *In re Valle*, 364 Mich 471, 477-478; 110 NW2d 673 (1961).

Hamilton argues that he made his plea in reliance on a promise that the trial court would impose a minimum sentence term that would not run later than the end of the minimum sentence terms for the sentences he was already serving. The record does not support that assertion.

-2-

The trial court did make a statement that, when considered in a vacuum, could reasonably have been construed as a promise that Hamilton's sentences in this case would not only be concurrent with, but also coterminous with, the sentences he was already serving. But it did so after establishing Hamilton's intent to plead guilty on the basis of a plea agreement that only promised concurrent sentencing, which Hamilton agreed was a good deal and which was consistent with the plea agreement form. Although Hamilton had not yet made his plea when the trial court made the comment about not receiving any more prison time, the above exchange indicates that he had already decided to enter the plea. Immediately after making the statement, the trial court clarified that *the court* had not promised Hamilton anything, that it might choose not to follow the sentence agreement, and that Hamilton would be permitted to withdraw his plea in that event.[2] In light of this, Hamilton could not reasonably have understood the trial court's statement as an unequivocal promise of a particular sentence end date.

Further, at sentencing, nobody understood the trial court's commentary to have promised anything more than concurrent sentencing. After the prosecutor requested imposition of two-year minimum sentences, the trial court asked Hamilton's lawyer whether he believed that that would violate the plea agreement. Hamilton's lawyer stated it would not.[3] Hamilton's lawyer further argued that a one-year sentence was appropriate; he did not argue that a one-year sentence was mandatory. Following sentencing, Hamilton's lawyer recognized that Hamilton would serve another eight months beyond his current sentence, but he never argued that the sentence was impermissible under the plea agreement. While the trial court stated that it had hoped Hamilton would be released from incarceration for all of his sentences at approximately the same time, it did so in an effort to accede to Hamilton's lawyer's request.

The trial court imposed an 18-month minimum sentence because it believed Hamilton's criminal record precluded the minimum sentence available under the guidelines and could even warrant a sentence above the guidelines. Nothing in the record suggests that the trial court or his lawyer believed the trial court was constrained to impose minimum sentences with a particular end date.

In sum, the record does not support Hamilton's claim that the plea agreement—either as worked out by the prosecutor or as understood by anyone by the end of the plea hearing—included such a promise or that he made his plea in reliance on such a promise. The plea agreement was

---

[2] Hamilton never sought to withdraw his plea.

[3] Hamilton argues that the only way to interpret the trial court's questioning is an effort to ascertain whether a two-year minimum sentence would run past the earliest release dates for his existing sentences. We disagree. The question can also be reasonably interpreted to confirm that the terms of the plea agreement would be satisfied by a two-year sentence so long as it was concurrent to the sentences Hamilton was serving in his other cases.

only for concurrent sentencing, and Hamilton actually received the benefit of that agreement. Therefore, there is no basis for resentencing or specific performance.[4]

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Kristina Robinson Garrett

---

[4] We note that, although Hamilton has been paroled, the issue is not moot. See *People v Parker*, 267 Mich App 319, 328-329; 704 NW2d 734 (2005) (stating that parole is a collateral legal consequence of a minimum sentence, even in cases where the defendant has already been paroled after serving the minimum sentence).