*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASSON ALLEN CAREY,

        Defendant-Appellant.

UNPUBLISHED
September 11, 2025
1:57 PM

No. 370275
Alpena Circuit Court
LC No. 2021-001175-FH

Before: SWARTZLE, P.J., and GARRETT and YATES, JJ.

PER CURIAM.

Neighbors called the police because defendant, Jasson Allen Carey, was playing loud music and yelling. After police officers arrived, four officers attempted to arrest Carey on his outstanding warrants, but he resisted and attempted to run into his house. The prosecution charged Carey with four counts of resisting or obstructing a police officer, MCL 750.81d(1). The jury convicted Carey of one count and acquitted him of the remaining three counts. The trial court sentenced Carey to 2 to 4 years' imprisonment. Because no prosecutorial error occurred, Carey was not denied the effective assistance of counsel, and his arguments regarding his sentence are moot, we affirm.

## I. BACKGROUND FACTS

In the nighttime hours of June 25, 2021, Carey was playing loud music at his home. A neighbor, Fredrik Torsch, went to Carey's home to ask him to turn down the music, but Torsch was unable to get Carey's attention because the music was too loud. In order to gain Carey's attention, Torsch shone his vehicle's headlights into the window of Carey's home. Carey came outside and began yelling. Torsch and another neighbor called the police. Four police officers responded to Carey's home. Sergeant Lincoln Suszek spoke to Carey through an open window while Carey was inside the home. Suszek smelled alcohol on Carey's breath, and Carey was holding a beer can. Carey told the officers to leave, shut the window, and turned up the volume of the music.

Shortly thereafter, Carey came outside and stated that he wanted to talk to Suszek. By that point, the officers discovered that Carey had two warrants for his arrest. Suszek approached Carey,

who was standing in his driveway. Suszek attempted to position himself between Carey and the rear door of the home so that Carey could not go back inside the residence, but Carey started walking toward the door. Suszek directed Carey to stop and informed him that he was under arrest. Carey then fled toward the door. Suszek grabbed Carey's arm, but Carey pulled away. Three other officers assisted Suszek in apprehending Carey while he ignored their demands to stop and fought with them in the entranceway of his home. The officers were eventually able to arrest Carey and place him in the back of a patrol car.

The prosecution charged Carey with one count of resisting or obstructing a police officer with respect to each of the four officers. At trial, Carey testified that he did not hear the officers' commands for him to stop and denied that he resisted arrest. The jury convicted Carey of one count of resisting or obstructing a police officer with respect to Suszek and acquitted him of the remaining three charges. He now appeals by right.

## II. ANALYSIS

### A. PROSECUTORIAL ERROR

Carey first argues that the prosecutor committed prosecutorial error[1] by eliciting improper character evidence from his neighbors at trial. Because he failed to object to the prosecutor's questioning, his argument is not preserved for our review. *People v Thurmond*, 348 Mich App 715, 735-736; 20 NW3d 311 (2023). Accordingly, our review is limited to plain error affecting his substantial rights. *Id*. at 736. Under the plain-error rule, a defendant must establish: "(1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights, i.e., prejudiced defendant by affecting the outcome of the proceedings." *People v Anderson*, 341 Mich App 272, 279; 989 NW2d 832 (2022) (quotation marks and citation omitted). Reversal is warranted only if the plain error "resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Davis*, 509 Mich 52, 67-68; 983 NW2d 325 (2022) (quotation marks and citation omitted).

At the time of Carey's trial, MRE 404(a)[2] provided, "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . . ." Likewise, MRE 404(b)(1) stated, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The concern regarding character evidence is that the jury may convict the defendant "on the basis of his or her allegedly bad character rather than because he or she is guilty beyond a

---

[1] Although Carey uses the term "prosecutorial misconduct," that term is more appropriately reserved for the rare instance when a prosecutor violates the rules of professional conduct or engages in illegal conduct. *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015). In the majority of cases, as in this case, the conduct complained of does not rise to that level and instead involves an alleged error that occurred during trial. *Id*. at 88.

[2] Our Supreme Court amended the Michigan Rules of Evidence, effective January 1, 2024. ADM File No. 2021-10, 512 Mich lxiii (2023). We rely on the rules in effect at the time of trial.

reasonable doubt of the crimes charged." *People v Felton*, 326 Mich App 412, 425; 928 NW2d 307 (2018). More specifically, the admission of improper character evidence may result in the jury convicting the defendant because he is a bad person and should be punished, it may lead the jury to lower the burden of proof because the defendant cannot be considered "innocent" even if he did not commit the crimes charged, and the jury may determine that the defendant is probably guilty because of his propensity to commit crimes. *Id*. at 431.

Carey argues that the prosecutor elicited improper character evidence from Torsch during the following exchange:

> *Q*. And Mr. Torsch, is it fair to say that police have been out to [Carey's] property many times?
>
> *A*. Yes. For a while, it was at least a couple times a week.
>
> *Q*. Okay. And all due to the defendant's behavior?
>
> *A*. Yes.

Carey fails to acknowledge that this exchange occurred during the prosecutor's redirect examination of Torsch and was in response to the questions defense counsel asked Torsch during cross-examination. Defense counsel elicited the following testimony from Torsch on cross-examination:

> *Q*. There had been previous incidents with Mr. Carey; is that correct?
>
> *A*. Multiple, yes.
>
> *Q*. Okay. And isn't it true that you kind of were agitating him at some of these incidents?
>
> *A*. I—I don't feel that I was agitating him, no.
>
> *Q*. Would you shine any bright lights into his windows?
>
> *A*. I was sitting in my car this—this instance and I think one other previous instance because that was the only way to contact him. Because he wouldn't answer the phone and he couldn't hear when we'd knock [on] the door because the music was so loud.

Reviewing the questions in context, the prosecutor's questions that Carey challenges were in response to defense counsel's questions regarding previous incidents involving Carey's conduct at his home. See *People v McGhee*, 268 Mich App 600, 638; 709 NW2d 595 (2005) ("Rebuttal evidence is admissible to contradict, repel, explain or disprove evidence produced by the other party . . . .") (Quotation marks and citations omitted). Because defense counsel opened the door to evidence regarding previous incidents involving Carey, Carey has failed to establish plain error regarding the challenged testimony.

Carey also challenges the testimony of Pashan Hall, who lived across the street from Carey. Hall testified as follows:

> *Q.* And why did you have to call the police on that night?

> *A.* Because, like other nights, there was lots of loud music, yelling, just drunk absurdity, I would say. And I have children that were trying to sleep. So—

Contrary to Carey's argument, the prosecutor did not elicit improper character evidence from Hall. Rather, Hall's reference to other nights involving loud music, yelling, and "drunk absurdity" was unresponsive to the prosecutor's question. "Unresponsive answers from witnesses are generally not prosecutorial error." *People v Jackson*, 313 Mich App 409, 427; 884 NW2d 297 (2015). Accordingly, Carey has failed to establish plain error.

Alternatively, Carey argues that his trial counsel rendered ineffective assistance of counsel by failing to object to the prosecutor's questioning. Because Carey failed to preserve his argument for our review by moving for a new trial or evidentiary hearing in the trial court, or moving in this Court to remand for a *Ginther*[3] hearing, our review is limited to errors apparent on the record. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020); *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). As discussed, the record fails to reveal any error with respect to the prosecutor's questioning of Torsch and Hall. Because no error occurred, Carey's ineffective assistance of counsel claim lacks merit. See *People v Isrow*, 339 Mich App 522, 532; 984 NW2d 528 (2021) ("Failure to raise a futile objection or advance a meritless argument does not constitute ineffective assistance of counsel.")

## B. SENTENCING

Next, Carey argues that the trial court improperly relied on acquitted conduct when sentencing him or, alternatively, that the prosecutor committed error by encouraging the court to rely on acquitted conduct. He also challenges the number of points the trial court assessed for prior record variable (PRV) 2, PRV 5, offense variable (OV) 3, OV 9, and OV 12. We conclude that Carey's arguments are moot. "An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy." *People v Thue*, 336 Mich App 35, 39; 969 NW2d 346 (2021). Carey served his sentence and is not on parole, having been discharged on July 1, 2025. Accordingly, his arguments pertaining to his sentence are moot. Cf. *People v Parker*, 267 Mich App 319, 329; 704 NW2d 734 (2005) (recognizing that a sentencing issue is not moot when the defendant is on parole, "which imposes some continuing limitations on his freedom.") This Court will ordinarily decline to address a moot issue. *People v Richmond*,

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

486 Mich 29, 37; 782 NW2d 187 (2010). Because there is no remedy that we could provide if Carey's arguments are meritorious, his claims of error are moot, and we decline to address them.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates