*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 16, 2026
12:07 PM

Plaintiff-Appellee,

v

No. 375408
Wayne Circuit Court
LC No. 23-004657-01-FH

JAMI ELLIOTT,

Defendant-Appellant.

Before: RIORDAN, P.J., and MURRAY and MALDONADO, JJ

PER CURIAM.

Defendant appeals by leave granted the 1- to 20-year sentence imposed after defendant entered a plea of guilty to one count of possession of methamphetamine with intent to deliver, MCL 333.7401(2)(b)(*i*).[1] Relevant to this appeal, the trial court granted defendant eight days of jail credit. We affirm.

In November 2022, defendant pleaded guilty to attempted delivery or manufacture of methamphetamine. On August 21, 2023, while defendant was out on bond for the 2022 conviction and before sentencing in that case, officers observed her engage in a hand-to-hand narcotic transaction. The officers arrested defendant and found her in possession of methamphetamine and cocaine, which formed the basis for the instant case. Thereafter, on August 29, 2023, defendant was sentenced to six months to five years' imprisonment in the 2022 case. On appeal, defendant argues she was entitled to additional jail credit in the instant case. We disagree.

## ANALYSIS

We review whether a defendant is entitled to credit for time served in jail before sentencing de novo as a question of law. *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011).

---

[1] *People v Elliott*, unpublished order of the Court of Appeals, entered June 16, 2025 (Docket No. 375408).

MCL 769.11b governs credit for time served in jail before sentencing:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

Pursuant to this statute, "the trial court must grant jail credit when a defendant is held in jail for the offense of which he or she is ultimately convicted if he or she is denied or unable to furnish bond for that offense." *People v Allen*, 507 Mich 597, 606; 968 NW2d 532 (2021). Accordingly, "individuals who are detained in jail for some reason other than the denial or inability to furnish bond are not entitled to jail credit." *Id*.

In *People v Prieskorn*, 424 Mich 327, 340; 381 NW2d 646 (1985), our Supreme Court ruled that "the primary purpose of the sentence credit statute is to equalize as far as possible the status of the indigent and less financially well-circumstanced accused with the status of the accused who can afford to furnish bail." (Quotation marks and citation omitted). The Supreme Court found that the plain language of the statute afforded "a criminal defendant a right to credit for any presentence time served 'for the offense of which he is convicted,' and not upon any other conviction." *Id*. at 341. Additionally, the Supreme Court ruled that confining jail credit to the offense for which the defendant was convicted did not violate the concurrent sentence rule, as long as the trial court did not impose the sentence "to commence at the completion or expiration of another sentence." *Id*. at 342.

Defendant was arrested in the instant case on August 21, 2023, and was sentenced eight days later, on August 29, 2023, in the 2022 case, at which point she began serving that sentence. Defendant does not seek sentencing credit in the 2022 case; rather, she seeks jail credit in the instant case. Defendant argues that her parole-eligibility date should be treated as her release date for purposes of jail credit in the instant case and contends that she was entitled to an additional four months of credit—from February 7, 2024, to June 7, 2024, when she was sentenced in the instant case. She further asserts that if trial counsel had moved to revoke her bond in the instant case, the trial court could have denied bond, thereby permitting her to accrue jail credit pursuant to MCL 769.11b.

These arguments lack merit. Parole eligibility does not equate to a right to release, and prisoners have no constitutional or inherent right to parole. *Morales v Parole Bd*, 260 Mich App 29, 39; 676 NW2d 221 (2003). When parole is denied, the prisoner continues to serve the sentence as imposed. Thus, defendant's parole-eligibility date did not constitute a release date, and because parole was denied, defendant remained incarcerated pursuant to her six-months-to-five-years sentence in the 2022 case. The fact that the parole board would not have released her until the instant case was resolved does not convert her incarceration for the 2022 case into custody attributable to the instant case. After August 29, 2023, defendant was confined because she was serving the sentence imposed in the 2022 case, not because of the denial of or inability to furnish bond in the instant case. Individuals detained for reasons other than the denial of or inability to furnish bond are not entitled to jail credit. *People v Allen*, 507 Mich 597, 606–607; 968 NW2d 532 (2021). To reiterate, the trial court was not required to grant defendant jail credit because she

was not being held in jail for the offense of which she was ultimately convicted in the instant case, nor was she denied or unable to furnish bond. *Id*. at 606. Accordingly, the trial court did not err in denying additional jail credit.

The prosecution argues on appeal that this issue is moot because defendant already served the minimum sentence and has been released on parole. Similarly, in *People v Parker*, 267 Mich App 319, 329; 704 NW2d 734 (2005), the defendant served his minimum sentence and was paroled when this Court decided his appeal. This Court held that the defendant's appeal of his sentence was not moot because parole imposed "continuing limitations on his freedom." *Id*. In the present case, defendant already has served her minimum sentence and is under continuing supervision until 2026. Therefore, defendant is subject to continuing limitations on her freedom as a result of being placed on parole. If this Court had decided that she was entitled to more jail credit, the time she would have had to serve if she violated a condition of her supervision would have been affected. See *People v Clark*, 315 Mich App 219, 229; 888 NW2d 309 (2016). Accordingly, this issue is not moot.

Defendant also argues that she was denied the ineffective assistance of counsel, that the trial court erred by failing to exercise its discretion to adjust defendant's minimum sentence, and that she was denied her due-process and equal-protection rights. Defendant did not include these issues in her statement of questions presented. Therefore, these issues are deemed abandoned. *People v McMiller*, 202 Mich App 82, 83 n 1; 507 NW2d 812 (1993).

Affirmed.

/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado